Argued and submitted November 20, 1995, affirmed January 3, 1996

In the Matter of the Marriage of

Rose Marie JOHNSON,
*Respondent,*

*and*

Robert Eugene JOHNSON,
*Appellant.*

(92-0080; CA A86273)

909 P2d 185

Gilbert B. Feibleman argued the cause for appellant. With him on the brief was Feibleman & Associates, P.C.

Richard E. Slezak argued the cause for respondent. With him on the brief was Churchill, Leonard, Brown, Lincoln, Lodine & Hendrie.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LEESON, J.

## LEESON, J.

Husband appeals from a dissolution judgment, claiming that the trial court erred in not equally dividing bearer bonds that wife's parents gave to wife during the last ten years of the parties' 26-year marriage. On *de novo* review, we affirm.

The parties were married in 1967. They have one grown child. Wife, who was 53 years of age at the time of the trial in 1994, was an elementary school teacher for 30 years. She took early retirement in 1992. In addition to full-time employment, she was the homemaker and primary care giver for the parties' child. Husband, who was 59 years of age at the time of the trial, has had health problems since 1958, when he was treated for testicular cancer. He had a throat tumor removed in 1965, suffered brucellosis in 1970, had a recurrence of cancer in 1975 that required extensive abdominal surgery, has had subsequent surgeries for hernias and stomach ulcers, and has been diagnosed as having congestive heart failure. Before his cancer surgery in 1975, he operated a pump business, which, for a time, showed a profit. Since 1975, he has operated a private investigation business, a Nicaraguan import-export business and a jewelry business. The trial court characterized husband's business endeavors as "financial disasters," and none of the businesses had any value at the date of trial. Because of his health problems, husband receives disability income from the Veteran's Administration. During the last 10 years of the marriage, wife's parents gave wife $125,000 in interest-free bearer bonds. She kept the bonds in a safe deposit box rented in her name only. She deposited income from the bonds into her personal savings account, but occasionally transferred money into the parties' checking account if there was a need for it. After the parties separated, wife sold one of the bonds in order to get money to make repairs on a mobile home they owned.

Following a three-day trial, during which time it heard the evidence and observed the witnesses, the trial court awarded each party one half of the parties' substantial marital property and divided wife's retirement income and husband's disability income equally. It held that the bearer bonds

were marital assets, but that wife had overcome the presumption of equal contribution and that it was just and proper under all the circumstances to award all of the bonds to wife.

■ Husband assigns error only to the trial court's disposition of the bonds. He argues that wife did not rebut the presumption of equal contribution. Alternatively, he contends that, if wife did rebut the presumption, it is nonetheless within this court's equitable power to distribute the bonds equally.

■ Assets acquired during a marriage are "marital assets," subject to disposition by the court upon dissolution. ORS 107.105(1)(f); *Stice and Stice*, 308 Or 316, 779 P2d 1020 (1989). Marital assets include all property, including gifts, acquired by either party during the marriage. *Stice*; *Pierson and Pierson*, 294 Or 117, 121-22, 653 P2d 1258 (1982). Marital assets are subject to a statutory presumption of equal contribution, which may be overcome by a showing that the other spouse did not contribute, either directly or indirectly, to their acquisition. The disposition of marital property must be "just and proper in all the circumstances." *Pugh and Pugh*, 138 Or App 63, 72, 906 P2d 829 (1995); *Bekooy and Bekooy*, 118 Or App 227, 846 P2d 1183 (1993). Although our review is *de novo*, we give proper deference to the trial court, which had the opportunity to see and hear the witnesses. *Moe and Moe*, 66 Or App 947, 949, 676 P2d 336 (1984).

On appeal, there is no dispute that wife acquired the bonds during the parties' marriage, as a gift from her parents to wife alone to do with as she pleased,[1] and that she kept them in her own safe deposit box, segregated from the parties' other assets. Nonetheless, the bonds are marital assets. The trial court concluded that wife had rebutted the presumption of equal contribution, because during the marriage her contributions exceeded those of husband. Wife was employed for 30 years as a teacher, while husband's employment

---

[1] At trial, wife and her mother testified that the bonds belonged to wife's mother and that wife had given them back to her mother at her mother's request. Both subsequently testified that the bonds were gifts to wife. Because husband's counsel was required to put considerable effort into establishing the truth with respect to ownership of the bonds, the trial court ordered wife to pay that portion of husband's attorney fees incurred regarding the bond ownership issue. Wife does not contest that order.

endeavors after 1975 were sporadic at best. We have reviewed the record and agree with the trial court's conclusion that husband's endeavors appear in some instances to be "enjoyable hobbies or irons in the fire rather than serious work efforts," and that husband "has clearly indulged himself with an extensive array of hobbies and collections." Additionally, there is no evidence that husband contributed to the marriage as a homemaker, or that he made sustained contributions, within the limits of his physical capabilities, to the maintenance of the acreage on which the family home is located.

In short, contrary to husband's assertion, the record does not support his contention that "each contributed as to their ability." Neither does the evidence support husband's contention that he is "in a position similar to that of most wives after a long term marriage." On *de novo* review, we find no basis on which to upset the trial court's conclusion that wife overcame the presumption of equal contribution.

■ Finally, we consider whether it was just and proper under all the circumstances to award the bonds to wife. Husband argues that he is entitled to half of the bonds, because it would be inequitable to deprive him of a substantial marital asset that he had planned on using for his retirement. He testified at trial that he and wife contemplated relying on her retirement benefits, his disability income and the interest from the bonds. *Stice*, 308 Or at 316; *Pugh*, 138 Or at 63.

The record, however, does not persuade us that husband's "expectations" of using the bonds for retirement were based on a mutual understanding between the parties. Wife testified that she planned to share only her retirement income with husband. That testimony is consistent with the fact that wife treated the bonds differently from other marital property from the time she received them: She maintained them in a safe deposit box rented in her name only and never commingled them with the parties' common financial assets. It was wife alone who made the decision whether and when to transfer bond income that had been deposited into her personal savings account into the parties' joint checking account for family use. *See Hering and Hering*, 84 Or App 360, 733 P2d 956, *rev den* 303 Or 534 (1987) (after 27-year marriage, bonds properly awarded to the wife when they had been acquired by the wife with funds bequeathed to her, were

maintained by her in a separate account and were not commingled).

Affirmed.