Argued and submitted December 15, 1995, remanded in part with instructions; otherwise affirmed April 17, 1996

In the Matter of the Marriage of

Geraldine Kay EDWARDS,
*Respondent,*
*and*
Charles Lee EDWARDS,
*Appellant.*

(15-94-06924; CA A87820)

915 P2d 469

Martha J. Rodman argued the cause for appellant. With her on the brief was Gleaves Swearingen Larsen Potter Scott & Smith.

Brian D. Stine argued the cause for respondent. With him on the brief was Atherly Butler Burgott Leslie & Stine.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

HASELTON, J.

## HASELTON, J.

Husband appeals a judgment of dissolution, challenging the trial court's determination of marital debts and property, calculation of child support, and valuation and division of property. We review *de novo*, ORS 107.405, ORS 19.125(3), and remand for modification of the judgment.

Husband and wife, who are both in their late-30s, married in December 1984 and separated in July 1994. They have an eight-year-old son and a six-year-old daughter. Husband is an auto mechanic who, until the time of trial, earned approximately $28,000 a year employed as a shop foreman and approximately $1,000 a year from his business as a self-employed mechanic.[1] Wife is an assistant nurse manager and earns approximately $36,000 a year. Although husband and wife maintained separate bank accounts during their marriage, both parties contributed to the household and family expenses.

Before the marriage, wife purchased a $2,000 individual retirement account (IRA) in March 1983, and a $4,000 IRA in February 1984. At trial, the court found that, between the time of purchase and the time of trial, the IRAs, combined, had appreciated in value by $11,405.73. The court did not, however, determine the amount of appreciation of the IRAs during the marriage.

The parties shared household responsibilities. Wife shopped for groceries and helped with housework and taking care of the children. Wife, however, suffered from severe obesity that caused numerous medical problems, including arthritis, chronic fatigue, high blood pressure, and sleep apnea. Frequently, wife's medical condition limited her ability to bend, kneel, or otherwise maneuver or exert herself, and, thus, prevented her from managing tasks around the home. As a result, husband's contributions to housework and child care were, at times, greater than wife's contributions. In

---

[1] At trial, the manager of husband's employer, Northwest Fleet Service, testified that the company was laying off husband from his shop foreman position within a few weeks. The court, however, heard testimony regarding husband's employment history and job skills and found that he could find comparable employment at his current rate of earnings.

addition, husband was responsible for general repairs in the family home, including painting, carpentry, and electrical and plumbing work, as well as automotive repairs.

Wife's severe obesity was a lifelong medical problem that had been unsuccessfully treated through diets and exercise. In November 1993, on the advice of a physician, wife underwent stomach reduction and intestinal-bypass surgery. Wife's surgery was successful and enabled her to reduce her weight to a healthy level. To pay for the surgery, as well as household expenses incurred while she was recovering from surgery and missing work, wife borrowed $18,961 from her mother.

The trial court, despite husband's arguments to the contrary, determined that the $18,961 wife borrowed from her mother to finance the weight-reduction surgery was a marital debt. The court further found that the interest accrued on the two IRAs was a "passive asset," belonging separately to wife and, therefore, was not includable in the division of marital property. In addition, the court calculated the amount of child support payments based upon the average salary husband received in his soon-to-be-ending position as a shop foreman. Finally, after the court reviewed the evidence showing the value of each party's assets and debts, it ordered a division of assets that awarded wife a greater share of the property.

■ On appeal, husband raises four assignments of error. We briefly address and dispose of husband's first, third, and fourth assignments. Husband first argues that the trial court erred in holding that the $18,961 loan from wife's mother for wife's surgery and related costs was a marital debt. Husband does not materially dispute that the surgery was medically necessary but does contend that the intra-family loan was illusory because wife had no "real" obligation to repay it. The trial court heard conflicting testimony regarding the circumstances of the transaction between wife and her mother and found that the loan gave rise to a valid, enforceable debt. We give appropriate deference to that finding, which turned on an assessment of the parties' credibility, *see Johnson and Johnson,* 138 Or App 462, 465, 909 P2d 185 (1996), and

affirm the treatment of the surgery-related loan as a marital debt.

In his third and fourth assignments of error, husband objects to the court's determination that his income, for child support purposes, was $28,000 per year, and objects to the court's general division of marital property. After reviewing the record *de novo*, we affirm, without further discussion, the child support award and property division.

■ Finally, husband argues that the trial court erred in failing to treat the appreciation of wife's two IRAs as marital assets subject to a rebuttable presumption of equal contribution. ORS 107.105(1)(f); *Stice and Stice*, 308 Or 316, 779 P2d 1020 (1989). We agree.

ORS 107.105(1)(f) provides, in part:

"Whenever the court grants a decree of marital annulment, dissolution or separation, it has the power further to decree as follows:

"\* \* \* \* \*

"For the division or other disposition between the parties of the real or personal property, or both, of either or both of the parties as may be just and proper in all circumstances. \* \* \* The court shall consider the contribution of a spouse as a homemaker as a contribution to the acquisition of marital assets. There is a rebuttable presumption that both spouses have contributed equally to the acquisition of property during the marriage, whether such property is jointly or separately held."

In *Massee and Massee*, 138 Or App 589, 911 P2d 320 (1996), we held that the appreciation during marriage of an asset acquired before marriage constituted marital property for purposes of ORS 107.105(1)(f). We concluded:

"[A]ppreciation is property and, to the extent that it occurs during marriage, it is acquired during the marriage. Accordingly, it is subject to the presumption of equal contribution, regardless of who brought the property into the marriage." *Id.* at 596.

Consistent with *Massee*, we hold that the appreciation on wife's IRAs is subject to the statutory presumption of equal contribution.

We turn, finally, to whether wife rebutted the statutory presumption of equal contribution. In *Stice,* the court explained:

> "The presumption of equal contribution to the acquisition of property during the marriage may be overcome by a finding that the property was acquired by one spouse uninfluenced directly or indirectly by the other spouse, *i.e.,* the other spouse contributed neither economically nor otherwise to the acquisition of the property in issue." 308 Or at 325-26 (citations omitted).

We conclude that wife has not rebutted the presumption of equal contribution. During the 10-year marriage, husband worked outside the home full time, as did wife, and both made substantial contributions to household expenses. Moreover, in addition to assuming significant child care and household responsibilities because of wife's physical limitations, husband performed substantial home and auto repair and maintenance. Those contributions are properly considered in dividing marital assets. *See Olinger and Olinger,* 75 Or App 351, 355, 707 P2d 64 (1985) (presumption of equal contribution strengthened where a spouse not only contributes her salary to the marital estate but also does the majority of the house work and half the yard work); *see also Johnson,* 138 Or App at 466 (presumption of joint contribution rebutted where husband was not employed and "there is no evidence that husband contributed to the marriage as a homemaker, or that he made sustained contributions * * * to the maintenance of the acreage on which the family home is located").

Wife, thus, failed to overcome the presumption of equal contribution with respect to the appreciation of her two IRAs during marriage. However, the trial court failed to determine, and we cannot discern from the record, the exact amount of that appreciation. Consequently, we remand for the trial court to determine the amount that the IRAs appreciated during the marriage and to divide that appreciation equally between husband and wife.

Remanded with instructions for trial court to determine appreciation on IRAs during marriage and to divide the appreciation equally between the parties; otherwise affirmed. Costs to husband.