Argued and submitted July 25, property division vacated and remanded;
otherwise affirmed December 6, 2006

In the Matter of the Marriage of

Tammy L. EDWARDS,
*Respondent,*

*and*

Jeffrey H. EDWARDS,
*Appellant.*

03-DS-0613-AB; A127377

149 P3d 196

Steven K. Chappell argued the cause and filed the briefs for appellant.

Richard E. Forcum argued the cause and filed the brief for respondent.

Before Schuman, Presiding Judge, and Landau* and Ortega, Judges.

SCHUMAN, P. J.

---

* Landau, J., *vice* Richardson, S. J.

## SCHUMAN, P. J.

In this domestic relations case, husband assigns error to the trial court's award of spousal support and child support, as well as its division of property. We reject all of husband's contentions without discussion except one: Husband argues, and we agree, that the court erred when it equally divided one of his retirement accounts instead of dividing only that portion of the account that was acquired during the marriage. We therefore vacate the property division and remand.

On *de novo* review, ORS 19.415(3), we find the following facts. At the time of husband's and wife's marriage, husband owned a Morgan Stanley Individual Retirement Account (IRA) to which he had already contributed $7,783. The value of the account at that time, however, is not ascertainable from the record. At the time of dissolution, the account had increased in value to $27,172. Neither party presented any evidence regarding control of the IRA or the role it played in the family's financial affairs. Over husband's objection, the trial court considered the full value of the account to be a marital asset and divided it equally between husband and wife.

That division was error. An asset acquired before marriage, even during cohabitation, is not considered a divisible marital asset to which the presumption of equal contribution established by ORS 107.105(1)(f) applies unless the premarital asset has been integrated "into the shared finances of the marital partnership through commingling." *Kunze and Kunze*, 337 Or 122, 133, 92 P3d 100 (2004); *accord Timm and Timm*, 200 Or App 621, 628-29, 117 P3d 301 (2005). Thus, the trial court's decision to divide the entire IRA between the parties must have derived from one or more of the following findings: first, that the value of the IRA at the time of the marriage had depreciated to zero so that its entire value at dissolution came into existence during the marriage; second, that the IRA was commingled into the shared finances of the family to such an extent that it was subject to the presumption of equal contribution;[1] or, third, that a "just

---

[1] Husband does not argue that he has overcome the presumption of equal contribution with respect to any of the contributions or appreciation that occurred during the marriage.

and proper" distribution of marital property required giving wife half of the entire account and not just the portion of it that was a marital asset. *Kunze*, 337 Or at 142.

Neither the court's statements at trial nor its memorandum opinion discloses its reasoning, but, on *de novo* review, we find no evidence from which we can infer that the account balance stood at zero at the time of marriage or that the portion of the account that existed at the time of the marriage was commingled into the shared finances of the family. Further, because the trial court did not know the value of the IRA at the time of marriage, it is unlikely that it concluded that a just and proper distribution required wife to receive half of that unknown value. In sum, the court's equal division of the IRA was error.

■      That conclusion does not end our inquiry, however, because we must decide how to dispose of the appeal. *Roger and Roger*, 175 Or App 540, 28 P3d 1264 (2001), appears to imply that we should remand with instructions to modify the property division so as to credit the entire IRA as husband's separate property, without further factfinding. In *Roger*, the trial court held that the husband's interest in a trust was a marital asset subject to the presumption of equal contribution. *Id.* at 542. We disagreed, holding that the wife, as the party seeking to invoke the presumption of equal contribution with respect to the trust, had the burden of proving that it was, in fact, an asset acquired during the marriage, and that, because the record did not contain sufficient information to determine that it was, she did not meet that burden. *Id.* at 547. As a consequence, we did not remand for further factfinding; we concluded that the property was not a marital asset. *Id.* at 546.

■      On closer examination, however, and in light of other cases, we conclude that *Roger* does not control. In that case, we stated:

> "On balance, we find that the record does not contain enough information to determine whether [the document showing husband to be the beneficiary of a trust] even exists, let alone anything about the nature of husband's interest in it or the more abstract question of whether interests in revocable trusts are property for purposes of division

in dissolutions. We therefore must conclude that the trial court erred in considering husband's supposed interest when dividing the property.

"Here, wife was the proponent of the position that, on the death of husband's father, she was entitled to a share in any distribution to husband from his family's trust. She argued that she should share in any distribution because the trust was a marital asset and there was no evidence to rebut the presumption of equal contribution. In *Massee and Massee*, 328 Or 195, 203, 970 P2d 1203 (1999), the court indicated that the presumption of equal contribution arises only when a party establishes the basic fact that the property at issue was acquired during the marriage. Thus, *Massee* appears to place the burden of establishing the existence of marital property on the party who seeks to take advantage of the presumption. In this case, that would be wife."

*Id.* at 546-47 (some citations omitted). What *Roger* confirms is that the party seeking to avail himself or herself of the presumption of equal contribution has the burden of proving that the property in question is a marital asset, and that, *in some circumstances*, failure to do so is conclusive and we will not remand for further factfinding in order to give the party a second chance. The relevant circumstances in *Roger* included the fact that the very existence of the property itself—a revocable trust—was not proved and the evidence at trial indicated that it was not provable, nor, if it existed, was the husband's interest in it ascertainable, and, in any event, the disposition of the trust raised complex unresolved legal questions.

Different circumstances can lead to a different outcome: remand to the trial court for further factfinding. That is what the court did in *Massee* itself, 328 Or at 208-09, the source of our decision in *Roger*. In *Edwards and Edwards*, 140 Or App 409, 915 P2d 469 (1996),[2] after concluding that one spouse was entitled to half of the appreciation that the other spouse's IRA had realized during the marriage, but to no part of the premarital value, we remanded the case to the trial court because the record did not disclose the value of the

---

[2] The parties in the 1996 *Edwards* case are not the parties in this one.

account at the time of marriage (and, therefore, the amount of appreciation). We held:

> "[T]he trial court failed to determine, and we cannot discern from the record, the exact amount of that appreciation. Consequently, we remand for the trial court to determine the amount that the IRAs appreciated during the marriage and to divide that appreciation equally between husband and wife."

*Id.* at 414. And in *Timm*, 200 Or App at 621, we remanded for further factfinding after concluding that the record did not disclose the amount that a marital asset had appreciated during the marriage. We stated,

> "The court * * * did not have occasion to determine what portion of that equity was acquired during the marriage. Nor did the court determine whether husband rebutted the presumption of equal contribution with respect to the portion of the equity that accrued during the marriage or what contributions each party made to the equity. Finally, the court did not determine whether, in any event, a just and proper division of the parties' property required inclusion of the entire equity, including the premarital portion. Because, in making their record before the trial court, the parties relied on case law that *Kunze* later supplanted, we do not have an adequate record in this case to make those findings on *de novo* review. We therefore vacate and remand for reconsideration of the property division portion of the dissolution judgment."

*Id.* at 629 (internal citations omitted).

In the present case, several factors militate in favor of a remand for further factfinding. First, the question to be determined, unlike the issues in *Roger*, is straightforward and simple: What was the value of husband's IRA at the time of marriage? Second, as in *Timm*, we have concluded that the trial court almost certainly did not conduct a "just and proper" inquiry. *Id.* Finally, this case was decided before *Timm*, where we clarified for the first time that a property's appreciation during cohabitation but before marriage was not a marital asset. Had the parties been aware of that case, they might have made a different record. We therefore

conclude that the proper disposition of this case is to vacate the property division and remand for further factfinding.

Property division vacated and remanded; otherwise affirmed.