Argued and submitted May 8, 2015, affirmed August 17, 2016

In the Matter of the Marriage of

Patrick T. CODE,
*Petitioner-Appellant,*
*and*

Sonna CODE,
*Respondent-Respondent.*

Jackson County Circuit Court
111250D9; A154916

380 P3d 1073

Benjamin M. Bloom, Judge.

Laura Graser argued the cause and filed the brief for appellant.

H. M. Zamudio argued the cause for respondent. With her on the brief were Joseph R. Davis and Huycke O'Connor Jarvis, LLP.

Before Armstrong, Presiding Judge, and Hadlock, Chief Judge, and Egan, Judge.*

_____

* Hadlock, C. J., *vice* Nakamoto, J., pro tempore.

**EGAN, J.**

Husband appeals a judgment of dissolution, arguing that the trial court erred in its property division and in awarding attorney fees to wife. Specifically, with respect to the property division, husband argues that the trial court erred in setting the value of his podiatry practice that was subject to equitable division. We conclude that the trial court did not abuse its discretion in making the property division or the award of attorney fees to wife. Based on that conclusion, we do not reach wife's conditional cross-assignment of error, and, accordingly, we affirm.

Neither party requests that we exercise our discretion to review this case *de novo*, ORS 19.415(3). Thus, we view the facts consistently with the trial court's express and implied findings, as supplemented by uncontroverted information from the record. *Morton and Morton*, 252 Or App 525, 527 n 1, 287 P3d 1227 (2012). We state the following facts in accordance with that standard.

The parties were married in 2003, and, at the time of dissolution in 2013, husband was 53 and wife was 51. In 2005, the couple had a child. The parties stipulated to wife's custody of their child and to the parenting time schedule.

At the time of the dissolution, wife was working part time as a case management nurse, earning approximately $39,000 per year. Prior to the couple's marriage and until the birth of the couple's child, wife had worked as an operating room nurse. After their child was born, wife stopped working for two years, and then, in 2007, started to work part time doing case management. The court found that wife could work full time as a nurse and set her income at $77,704, which is the average salary for a nurse in the area.

Husband is a podiatrist and has owned his practice since before the marriage. The court determined that husband's personal income from his practice is $309,511 per year, based on a five-year average, which is well above the average income for a podiatrist in Oregon. Most of husband's income from his practice is from Medicare and insurance reimbursements.

With regard to the value of husband's business, the parties provided competing expert testimony. Wife's expert, Kramer, opined that husband's practice had an overall goodwill value of $600,000. He attributed 60 percent, or $360,000, of that total goodwill to enterprise goodwill. In separating the enterprise goodwill from husband's personal goodwill, Kramer "looked at numerous conditions surrounding [husband's] practice, including competition and the use of his name and his business name or not and other factors." Kramer's written report of his valuation opinion was admitted into evidence without objection. In his report, Kramer discussed in more detail his overall valuation opinion, based on the "excess earnings" approach, and his opinion of the enterprise versus personal goodwill of husband's practice, which he determined was "heavily influenced" by the ability of competitors to thrive in the reasonably small community. He concluded that the enterprise goodwill of $360,000, plus tangible assets, should be subject to marital distribution.

Husband's expert, Schaub, testified that husband's business had a fair market value of $365,000—made up of assets, accounts receivable, and total goodwill—which, when the liabilities of $122,000 were subtracted, resulted in a net fair market value of $243,000. Schaub opined that enterprise goodwill, in general, makes up zero to 33 percent of the total goodwill of a professional practice. For husband's practice, he opined that, based on location, staff, telephone number, website, type of patient, insurance plans, and new patient referral sources, the enterprise goodwill of the business was 24 percent of the total goodwill, resulting in $72,000 of enterprise goodwill and $227,000 of personal goodwill. Schaub testified that, as a result, husband's business had a net value for purposes of property distribution of $16,000 (which is the net fair market value minus personal goodwill). Schaub also valued husband's business as of 2002, before the couple married. Schaub testified that the premarital value of the business was $124,000, because the collections in 2002 were 51 percent of the 2012 collections. As a result, husband advocated that his business had no value for purposes of the marital property distribution.

The parties also submitted evidence with regard to 5,000 shares of Surgery Center stock held in husband's

name, which the parties stipulated had a value of $116,900. Husband testified that he had purchased 3,000 of those shares in 2007 and that he had discussed the purchase with wife "[i]n the context that I would like it to be a joint venture." Husband testified that he had purchased the remaining 2,000 shares in 2010, and "to the best of [his] recollection" paid for them with an inheritance he received when his mother died.

As relevant on appeal, the trial court concluded that the fair market valuation of husband's practice was $304,000 (enterprise goodwill as determined by Kramer, plus assets and accounts receivable, and minus liabilities as provided by Schaub) and would be subject to equitable distribution; the 3,000 shares of Surgery Center stock purchased in 2007 were subject to equitable distribution; the 2,000 shares of Surgery Center stock purchased in 2010 were husband's separate property; and wife was entitled to an award of attorney fees. The court provided the following reasoning for each of those issues in its letter opinion:

"The court has reviewed the assets and liabilities spreadsheet prepared by the parties [and] will divide the assets and liabilities in accordance with the evidence. On most issues the parties are not too far apart. One of the major disagreements is the valuation and distribution of husband's practice. The court appreciated the testimony of witnesses Schaub and Kramer and ultimately concludes that Mr. Kramer's testimony is credible and adopts it with a slight modification. The court concludes that the enterprise goodwill of the practice is $360,000, or 60% of the total goodwill in the practice worth $600,000.00. In addition to the enterprise goodwill, the court will add equipment and supplies in the amount of $25,000, Accounts Receivable of $41,000 and subtract liabilities of $122,000. The court sets the fair market valuation of the practice at $304,000 which will be subject to equitable distribution. It is the court's intention to divide this asset equally as the court will with the other personal assets and liabilities as set forth in the spreadsheet with the following changes.

"First, the court notes that it found credible husband's testimony that he completed the April 1, 2010 purchases of the Surgical Center stock shares using money from inheritance from his mother's estate. The court does not find that

these funds were so co-mingled that they became marital assets or that wife is able to overcome [the] presumption that they are separate assets for the purpose of distribution. Thus only the 3,000 shares will be subject to equitable distribution. The current value of those shares is $70,140.

"\* \* \* \* \*

"Based upon primarily on the disparity of incomes the court awards wife her reasonable attorney fees."

The court decided to equally divide all the assets that were subject to division, with husband receiving his business (valued at $304,000), and wife receiving other assets and an equalizing judgment to achieve that goal. Wife was also awarded compensatory spousal support of $2,000 a month for four years, and maintenance spousal support of $3,000 a month for two years, which husband does not challenge on appeal.

Following the issuance of the court's letter opinion, husband filed objections in a letter to the court and, again, in a motion objecting to the form of judgment. Those objections included assertions that the trial court had erred (1) in not awarding the premarital value of husband's business to husband, under *Massee and Massee*, 328 Or 195, 970 P2d 1203 (1999), and (2) in awarding attorney fees to wife without taking into account that wife had delayed trial twice, increasing expert and attorney fees, and that husband had significant debts and little available income. The trial court held a hearing and adhered to its original decision. As relevant on appeal, the court stated as follows:

"My thinking, you know, I looked at [husband's] case that he cited on distribution of marital assets. I believe that was *Marriage of Massee*, 328 Or 195. What we're talking about marital assets and marital property and they're different. And my finding was based upon assets becoming commingled and living together. And that's why I divided them as I did. I'm not inclined to do that—to change my ruling. I carefully—at least I thought I carefully considered the distribution of the assets and the debts given the parties' circumstances, the length of the marriage and the contribution to the process. I do understand the financial burden. Unfortunately that's placed on [husband] because of the situation."

On appeal, husband challenges the trial court's calculation of the goodwill of his business that was subject to division and the court's failure to award the premarital value of the business to him. He also assigns as error the trial court's attorney fee award to wife. We address each of those challenges, and affirm. Because of that disposition, we do not address wife's conditional cross-assignment of error.

## BUSINESS VALUATION

Husband seeks to set aside the trial court's property division based on purported errors in its valuation of husband's business. ORS 107.105(1)(f) provides for the division of marital property "as may be just and proper in all the circumstances." A trial court's "just and proper" division of marital property requires consideration of both statutory and equitable factors. *Kunze and Kunze*, 337 Or 122, 135, 92 P3d 100 (2004). On appeal, we review a trial court's "just and proper" determination for an abuse of discretion, *id.* at 136, and "we are bound by the trial court's express and implicit factual findings if they are supported by any evidence in the record," *Morton*, 252 Or App at 527. We will not disturb a trial court's "just and proper" determination unless we conclude that "the trial court misapplied the statutory and equitable considerations that ORS 107.105(1)(f) requires." *Kunze*, 337 Or at 136.

We start by addressing the trial court's goodwill valuation of husband's podiatry practice, which husband challenges on appeal. "'[G]oodwill' generally refers to those intangible assets of a business, such as its relationships with suppliers, customers, and employees, as well as its location, name recognition, and reputation, that engender customer loyalty regardless of who works there." *Slater and Slater*, 240 Or App 30, 38, 245 P3d 676 (2010), *rev den*, 350 Or 408 (2011). The sources of that enhanced value include "enhanced value attributable to factors related to, or inhering in, the *entity*"—the business or enterprise goodwill—and "increased earning capacity of a business attributable to an *individual's* (often, the principal's) skills, efforts, personality, or reputation"—the personal goodwill. *Id.* at 38-39 (emphases in original). The enterprise goodwill of a business is subject to marital property division. The personal

goodwill of a business, which is largely indistinguishable from the individual's future earning capacity, is not subject to marital property division. *Id.* at 42.

As set out above, here, the trial court found that wife's expert, Kramer, was credible and adopted his valuation "with a slight modification." Based on that, the court found that the value of husband's business subject to equitable distribution was $304,000. That valuation included enterprise goodwill of $360,000 (or 60 percent of the total goodwill of $600,000), assets valued at $25,000, accounts receivable of $41,000, minus liabilities of $122,000.

Husband argues that the trial court's valuation of his business's enterprise goodwill was not based on evidence and thus was legally incorrect. Husband argues that Kramer merely pulled a number out of thin air for enterprise goodwill that was not based on evidence or a proper methodology, and that Kramer did not have proper credentials to make the valuation.

We are constrained by our standard of review in this case. As stated above, we are bound by the trial court's findings if supported by any evidence. As pointed out by wife, Kramer's testimony and report are "any" evidence that supports the trial court's finding that husband's business had an enterprise goodwill of $360,000. Below, husband did not object to Kramer's credentials nor did he object to the admission of Kramer's report or his testimony of valuation of goodwill—which included the method he used and the factors he considered in determining goodwill—as not having an evidentiary basis. Having received that evidence at trial, without objection, and having found Kramer to be credible, the trial court could use that evidence in making its findings. We are now bound by those findings, which we conclude are supported by evidence in the record.

Husband also argues that the trial court erred in failing to award to husband the premarital value of that business as his separate property. At trial, husband put on evidence of the premarital value of his business—a value that wife did not dispute. However, neither of the parties made a specific argument to the trial court on how to treat

that premarital value. The trial court, in its letter opinion, determined to equally divide the entire value of husband's business. When husband objected, the trial court declined to change its ruling because of the commingling of assets, and the court "carefully considered the distribution of the assets and the debts given the parties' circumstances, the length of the marriage and the contribution to the process."

On appeal, husband argues that, because he owned his business for 11 years before the marriage, wife did not dispute his expert's opinion that the premarital value was $124,000, and wife presented no evidence that she contributed to the creation of his business, none of the premarital value of his business was a "marital asset" and, thus, the trial court legally erred when it included that premarital value in the property division.

Wife responds that the premarital value of husband's business was subject to the trial court's disposition as "marital property," *Kunze*, 337 Or at 133, and that the trial court was permitted to equally divide that value as long as it was "just and proper" under the circumstances, ORS 107.105(1)(f).[1] Wife further argues that the trial court did not abuse its discretion when it equally divided the entire value of husband's business, and points out that husband does not assert that the trial court misapplied the statutory or equitable "just and proper" considerations.

Under ORS 107.105(1)(f), which directs the trial court to divide property in a manner that is "just and proper in all the circumstances," a trial court has the authority "to distribute any real or personal property that either or both of the parties hold at the time of dissolution, including property that the parties had brought into the marriage." *Kunze*, 337 Or at 133. That broad class of property within the court's dispositional authority is "marital property."

[1] Wife also argues that we should not address the merits of husband's argument because it was unpreserved at trial and could not be subsequently preserved through husband's objections to the trial court's letter opinion and the form of judgment. We reject that contention without extended discussion. The principle that a party cannot preserve an issue that is raised for the first time on reconsideration does not apply when the court rules in a manner that the parties did not anticipate. Here, husband had presented evidence of the premarital value of the business, which wife did not dispute, but the trial court failed to address that evidence in its letter opinion.

*Id.* Real or personal property that either or both parties acquired during the marriage are "marital assets" and are subject to the rebuttable presumption of equal contribution in ORS 107.105(1)(f). *Id.* "If the parties acquired the property at issue before the marriage, then the court considers only what is 'just and proper in all the circumstances' in distributing that property." *Id.* at 134. In the final "just and proper" division, the court's inquiry "concerns the equity of the property division in view of all the circumstances of the parties." *Id.* at 135. As stated above, that final determination is a matter of discretion that we will not disturb on appeal unless we conclude that the trial court misapplied the statutory and equitable considerations.

Under the circumstances of this case, we cannot say that the trial court abused its discretion in including the premarital value of husband's business in the equal distribution of that business to the parties. Husband does not argue that the trial court misapplied any of the considerations under ORS 107.105(1)(f). Instead, husband argues that the trial court erred as a matter of law in awarding any of the premarital value of his business to wife solely on the basis that it was premarital value. However, unless the trial court committed legal error in the process of determining the overall property division, "the court's ultimate determination as to what overall property division was just and proper in all the circumstances was committed to its discretion." *Herald and Steadman*, 355 Or 104, 107, 322 P3d 546 (2014), *cert den*, 135 S Ct 944 (2015). Although husband would have preferred additional explanation from the court, the record demonstrates that the court exercised its discretion under the correct analytical method, and we conclude that the court's final determination is within the bounds of legally permissible outcomes. *See, e.g., Morton*, 252 Or App at 538 (discussing that commingling is a consideration in the final "just and proper" determination which includes considering the reliance of the parties on the asset as a joint asset); *Edwards and Edwards*, 209 Or App 555, 557-58, 149 P3d 196 (2006) (a division of premarital equity in an account could be made based on it being "just and proper" to do so). Thus, we will not disturb the court's discretionary determination on appeal.

## ATTORNEY FEES

In his last challenge on appeal, husband argues that the trial court erred in awarding wife attorney fees. In the general judgment, the trial court awarded wife attorney fees "based primarily on the disparate income of the parties." In the subsequent proceedings to determine the amount of attorney fees to award wife, husband objected to wife's requested fees because, in the property division, the liquid assets were awarded to wife and all the debt was awarded to husband. The trial court discounted some of wife's requested fees, did not award her costs, and entered a supplemental judgment awarding fees in the amount of $43,494. Husband renews his argument on appeal, claiming that the addition of the award of attorney fees to wife made the overall property division not "just and proper" as required by ORS 107.105(1)(f), because it has left him without a present ability to pay those fees.

On appeal, we review a trial court's decision to award attorney fees for an abuse of discretion. *Dang and Chhun*, 238 Or App 218, 221, 242 P3d 680 (2010). "When exercising its discretion, the trial court is to assess the parties' financial resources, the division of the parties' property in the dissolution, and any support payments, as well as the factors set forth in ORS 20.075(1)." *Id.* at 221-22 (citing *Haguewood and Haguewood*, 292 Or 197, 213, 638 P2d 135 (1981), and *Niman and Niman*, 206 Or App 400, 422-23, 136 P3d 1186 (2006)).

Here, the trial court stated in the general judgment that it was awarding wife attorney fees based on the parties' disparate incomes. As set out above, the court found that wife could earn $77,704, annually (about $6,400 per month), while husband earns $309,511, annually (about $25,700 per month). The property division equally divided the parties' assets, with husband receiving his valuable business and wife receiving other assets, including stocks and other accounts, to achieve equality. Husband was also awarded stocks valued at $46,760 as his separate property. Wife was also awarded compensatory spousal support of $2,000 a month for four years, and maintenance spousal support of $3,000 a month for two years. The difficulty presented by the

attorney fee award, husband claims, is that he cannot presently pay the fee award largely due to poor financial decisions that he made while the couple was separated, resulting in the accumulation of significant separate debt that he was awarded in the property division. Beyond husband's representation that that debt leaves him presently unable to pay the fee award, however, husband has not pointed to evidence in the record that he has *no* ability to pay, despite his significant income and stock holdings. Based on the record before us,[2] we cannot say that the trial court abused its discretion in awarding fees to wife. The trial court did take into account the financial resources of the parties and the awards in the judgment of dissolution, and, based on those considerations, we conclude that awarding fees to wife was not outside the permissible bounds of the court's discretion. Accordingly, we affirm.

Affirmed.

---

[2] Husband did not designate the transcript of the hearing on attorney fees as part of the record on appeal, and awarding attorney fees was not a focus of the parties' arguments at trial.