Argued and submitted November 9, 2016, affirmed August 2, 2017

In the Matter of the Marriage of

Tullio CELANO, III,
*Petitioner-Respondent,*
*and*

Karena S. CELANO,
nka Karena S. Nordby,
*Respondent-Appellant.*

Clackamas County Circuit Court
DR13070292; A159454

400 P3d 1021

George W. Kelly argued the cause and filed the briefs for appellant.

Philip F. Schuster, II, argued the cause and filed the brief for respondent.

Before Armstrong, Presiding Judge, and Tookey, Judge, and Garrett, Judge.

### TOOKEY, J.

Wife appeals a general judgment of dissolution, raising three assignments of error. We write only to address wife's second assignment of error, in which she contends that the trial court erred in its property division award, because the court awarded husband half of the value of wife's separately owned property in California. We reject without discussion wife's first and third assignments of error. For the reasons that follow, we affirm.

Wife requests that we exercise our discretion under ORS 19.415(3)(b) to review the trial court's property division award *de novo*; however, because this is not an exceptional case, we decline to exercise our discretion to apply such review. ORAP 5.40(8)(c). Accordingly, we state "the facts consistently with the trial court's express and implied findings, as supplemented by uncontroverted information from the record." *Code and Code*, 280 Or App 266, 267, 380 P3d 1073 (2016).

The parties were married in 2005. In January 2010, wife's father passed away and his estate was divided between wife and wife's brother. As part of wife's father's estate, wife and wife's brother were the beneficiaries of wife's father's IRA and each received their share of the "Required Minimum Distribution" (RMD). In May 2010, wife asked her brother if he would consider giving wife his share of the RMD so that she could use that money to purchase property in California (the Dolly Lane property). Wife's brother agreed to give wife his share of the RMD, and the Dolly Lane property was purchased with those inherited funds.

At the dissolution trial, the parties disputed whether the Dolly Lane property was intended to be joint property. Husband testified that the parties had agreed to purchase the home as a vacation home, but that the property was ineligible for financing. Because the Dolly Lane property was ineligible for financing, husband testified that the parties had agreed that wife would use her RMD to purchase the property and that husband would "pick up the taxes that were incurred from doing that." Husband testified that, as a result of wife receiving the RMD, the parties incurred a tax burden of around $170,000, but that wife paid $68,000

towards those taxes from her inherited funds. After wife purchased the Dolly Lane property, husband made about seven trips to the property. During those trips, husband testified that he worked to improve the property, including building shelters for the parties' pets, installing air conditioning, mowing, and installing some fencing.

On the other hand, wife testified that husband had told her not to purchase the Dolly Lane property, but that she purchased the Dolly Lane property to distance herself from husband. In regard to the tax consequences the parties faced after wife received the RMD, wife testified that she paid the tax liability using her inherited funds; in support of her assertion that she paid the tax liability, wife submitted evidence of her payment to the Internal Revenue Service in the amount of $67,642.64. Wife disputed that husband worked to improve the property, asserting that she hired contractors to do the work and paid for those contractors using her inherited funds.

The trial court concluded that the Dolly Lane property was a marital asset, subject to division, and awarded the property to wife. The trial court stated:

"After applying jointly to obtain financing through an institutional lender and being denied, the parties mutually agreed to use a withdrawal from wife's [RMD] in order to pay cash for the property.

"The parties shared the cost of tax and [penalties] flowing from the early [RMD] withdrawal. [Husband] performed significant work to improve the property. The parties intended the property to be a joint asset of the marital estate. It is not separate property."

The trial court incorporated its oral findings into the general judgment of dissolution.

On appeal, wife contends that the trial court erred in awarding husband half the value of the Dolly Lane property. In other words, wife contends that the trial court erred in concluding that the Dolly Lane property was subject to division under ORS 107.105(1)(f). Wife argues that she paid for the Dolly Lane property, the tax liability from the RMD withdrawals, and improvements to the property using her inherited funds, and, as a result, the property was not

subject to division. Specifically, wife takes issue with the trial court's finding that both parties paid the tax liability incurred as a result of her RMD withdrawal. In response, husband argues that the trial court did not err in awarding husband half the value of the Dolly Lane property. Husband contends that the trial court's award was "just and proper," considering husband's direct and indirect contributions to the property.

ORS 107.105(1)(f) provides for the division of marital property "as may be just and proper in all the circumstances."

> "On appeal, we review a trial court's just and proper determination for an abuse of discretion, and we are bound by the trial court's express and implicit factual findings if they are supported by any evidence in the record. We will not disturb a trial court's just and proper determination unless we conclude that the trial court misapplied the statutory and equitable considerations that ORS 107.105(1)(f) requires."

*Code,* 280 Or App at 271 (internal quotation marks and citations omitted).

As noted, ORS 107.105(1)(f) provides that a judgment of dissolution may provide for the division of marital property "as may be just and proper in all the circumstances." In determining the "just and proper" division of marital property, we begin by determining "whether the asset was brought into the marriage or was acquired during the marriage (a 'marital asset')." *Morgan and Morgan,* 269 Or App 156, 162, 344 P3d 81, *rev den,* 357 Or 595 (2015). Marital assets are subject to the statutory presumption of equal contribution. That is, ORS 107.105(1)(f)(C) provides that "there is a rebuttable presumption that both parties have contributed equally to the acquisition of" marital assets, "whether such property is jointly or separately held."

A party seeking to rebut the presumption of equal contribution "has the burden of proving by a preponderance of the evidence that the other spouse's efforts during the marriage did not contribute equally to the acquisition of the disputed marital asset." *Kunze and Kunze,* 337 Or 122, 134, 92 P3d 100 (2004). In determining whether a party has satisfied that burden, "ORS 107.105(1)(f) requires the court to

consider both economic and noneconomic spousal contributions." *Id*. When the presumption of equal contribution has not been rebutted, "the 'just and proper' division of marital assets, absent other considerations, is an equal division between the parties." *Hostetler and Hostetler*, 269 Or App 312, 319, 344 P3d 126 (2015).

Reviewing the trial court's findings for any evidence, we conclude that the trial court did not err in awarding husband half of the value of the Dolly Lane property.[1] There is no dispute that the Dolly Lane property is a marital asset—the property was acquired during the parties' marriage. The issue, then, is whether wife rebutted the presumption of equal contribution. Husband testified that: husband and wife intended the Dolly Lane property to be the parties' vacation home; the parties agreed that wife would use her RMD funds to purchase the property; both husband and wife paid the tax liability that resulted from wife's RMD withdrawals; and husband made improvements to the property. Having received that evidence at trial, and having implicitly determined husband's testimony to be credible, the trial court could conclude that wife had not rebutted the presumption of equal contribution, and, hence, the court could determine that the "just and proper" division of the Dolly Lane property is an equal division between husband and wife. Accordingly, we conclude that the trial court's findings are supported by evidence in the record, and, as a result, the trial court did not abuse its discretion in concluding that the Dolly Lane property was a marital asset, subject to equal division.

Affirmed.

---

[1] We note that wife's argument rests on disputing the trial court's factual findings regarding the taxes; that is, wife does not contend that the trial court misapplied the statutory and equitable considerations set forth in ORS 107.105(1)(f).