*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

Submitted March 16, affirmed May 3, 2023

In the Matter of the Marriage of

Sean Patrick DAVIS,
*Petitioner-Respondent,*
*and*

Cynthia DAVIS,
nka Cynthia Stoker,
*Respondent-Appellant.*

Deschutes County Circuit Court
20DR00281; A177529

Raymond D. Crutchley, Judge.

Robert W. Ickes filed the brief for appellant.

No appearance for respondent.

Before Aoyagi, Presiding Judge, and Joyce, Judge, and Jacquot, Judge.

JACQUOT, J.

Affirmed.

**JACQUOT, J.**

Wife appeals a general judgment of marital dissolution, challenging the trial court's division of real property. Husband and wife each brought a piece of real property into the marriage. As relevant here, the trial court awarded each spouse their respective premarital properties without an equalizing award for either spouse. In a single assignment of error, wife contends that the trial court "incorrectly ruled that [husband's premarital property, the La Pine property,] was not comingled and failed to divide the property under a just and proper analysis." Specifically, she argues that the record shows that she contributed "sweat equity" into improving the property, that she assisted in preparing it to be rented out and managing it as a rental, that she resided at the property and maintained it for "significant periods" before and after separation, and that the mortgage was paid out of comingled funds. Ultimately, she argues that the court misapplied ORS 107.105(1)(f) by failing to recognize that the La Pine property was comingled property. Husband does not appear on appeal. For the following reasons, we affirm.

Under ORS 107.105(1)(f), which directs the trial court to divide marital property in a manner that is "just and proper in all circumstances," a trial court has the authority "to distribute any real or personal property that either or both of the parties hold at the time of dissolution, including property that the parties had brought into the marriage." *Kunze and Kunze*, 337 Or 122, 133, 92 P3d 100 (2004). If the parties acquired the property at issue before the marriage—making the property a "premarital asset"— then the court considers only what is "just and proper in all the circumstances" in distributing that property. *Id.* However, determining what is just and proper in a given dissolution requires the court to take into account equitable considerations, including "the extent to which a party has integrated a separately acquired asset into the common financial affairs of the parties through comingling." *Morrison and Chierichetti*, 321 Or App 491, 496, 516 P3d 1196 (2022).

We review the trial court's division of marital property for abuse of discretion. *Code and Code*, 280 Or App 266,

271, 380 P3d 1073 (2016). Unless we exercise our authority to review the facts *de novo*—which we do not here[1]—we are "bound by the trial court's express and implicit factual findings if they are supported by any evidence in the record." *Id.* (internal quotation marks omitted). "The trial court's ultimate determination as to what property division is 'just and proper in all the circumstances' is a matter of discretion," and that discretionary determination will not be disturbed unless "the trial court misapplied the statutory and equitable considerations that ORS 107.105(1)(f) requires." *Kunze*, 337 Or at 136. That is, "[a]bsent an error in methodology or an outcome outside of the legally permissible range, we will affirm a trial court's determination as to what property division is just and proper." *Van Winkel and Van Winkel*, 289 Or App 805, 810, 412 P3d 243, *rev den*, 363 Or 224 (2018).

Wife's only argument on appeal is that the trial court misapplied ORS 107.105(1)(f) because the court failed to consider the La Pine property comingled in its property division. The problem with that argument is that wife has not shown, nor is it apparent from the record, that the court considered the La Pine property not to be comingled. Rather, our understanding is that the court did consider the property comingled. At the outset, husband's position was that the La Pine property was separate property that was not comingled. However, during closing argument, husband acknowledged that the bank account from which the mortgage was paid was comingled, and he noted that that made the question of wife's contribution to the residence—whether it was comingled—"a little complicated." He asserted that the court should not credit wife's testimony regarding the amount of sweat equity that she had contributed to the property because it was inconsistent with her testimony about her medical conditions. And he asserted a variety of reasons that, even if the property was comingled, it would nevertheless be just and proper to award it to husband without an equalizing judgment for wife.

---

[1] We have authority to conduct *de novo* review in equitable proceedings, ORS 19.415(3)(b), but it is discretionary, and we exercise that discretion only in "exceptional cases," ORAP 5.40(8)(c). Wife does not request *de novo* review or make an argument that it is necessary here.

Before issuing its oral ruling on the property division, the court made specific findings that were inconsistent with husband's contention that the property was not comingled, and that wife had not made any substantial contributions to the property. The court found that wife contributed at least some sweat equity towards the La Pine property, that the parties lived as husband and wife at the property and rented it out together, that the rental income went toward their marital home at the time (wife's premarital property), that both husband and wife contributed some sweat equity into wife's premarital property, and that husband used funds from a refinance of the La Pine property to pay off wife's credit card debt.[2] The court then awarded each spouse their respective premarital real property, without equalizing awards, and distributed certain pieces of personal property between them, which included awarding wife furniture purchased during the marriage with funds from the refinance of the La Pine property. Thus, as we understand the court's ruling, the court implicitly determined that the La Pine property had been comingled but that it was just and proper in all the circumstances of the case to award husband the property without an equalizing award for wife because she received her premarital property and also received funds from the La Pine property through the credit card debt payments and furniture.

Beyond challenging the court's determination regarding comingling, wife makes no argument as to why the court's decision was inequitable.[3] We will not disturb the trial court's ultimate determination as to what overall property division is just and proper unless the trial court misapplied the statutory and equitable considerations required by ORS 107.105(1)(f). *Morrison*, 321 Or App at 495. By implicitly considering the La Pine property comingled in dividing the parties' marital property, the court applied the correct methodology under ORS 107.105(1)(f), and wife has not identified any reason that its property division is not within the

---

[2] The court explicitly found that wife incurred a substantial amount of credit card debt in husband's name, without his knowledge, which husband used funds from refinancing the La Pine property to pay off.

[3] Wife does not address the relative values of the properties, whether they have mortgages, or any other considerations in arguing that the court erred.

range of legally permissible outcomes allowed by the statute. We therefore affirm the court's property division.

Affirmed.