No. 286　　　　　May 1, 2024　　　　　411

***This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Marriage of

Huey J. MEEKER,
*Petitioner-Respondent,*
*and*

Kelly E. KLINGELE,
*Respondent-Appellant.*

Clackamas County Circuit Court
18DR21385; A176322

Ulanda L. Watkins, Judge.

Argued and submitted March 13, 2023.

Daniel S. Margolin argued the cause and filed the briefs for appellant. Also on the briefs was Margolin Family Law. On the reply brief was Xian-Ling R. Woram.

Thomas A. Bittner argued the cause for respondent. Also on the brief were Amy D. Fassler and Schulte, Anderson, Downes, Aronson & Bittner, P. C.

Before Ortega, Presiding Judge, and Powers, Judge, and Hellman, Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

In this domestic relations case, wife appeals from a judgment of dissolution, raising four assignments of error. In her first two assignments of error, she challenges the trial court's award of sole legal custody of their two children to husband. In her third assignment of error, wife argues that the trial court erred in its division of husband's medical clinic. And, in her fourth assignment of error, wife argues that the trial court erred in awarding a Happy Valley residence to husband as his separate property. As explained below, we affirm.

Wife requests that we review this case *de novo*, asserting that the trial court's decisions do not comport with the uncontroverted record. Having reviewed the trial court's decisions, the record, and the parties' arguments, we conclude that this case does not warrant our taking *de novo* review. *See* ORAP 5.40(8)(d); *Ward and Ward*, 331 Or App 391, 392-94, ___ P3d ___ (2024) (discussing the nonexclusive list of factors in ORAP 5.40(8)(d) to determine whether to exercise discretion to review *de novo*). Accordingly, we are bound by the court's findings of historical fact that are supported by any evidence in the record. *Porter and Griffin*, 245 Or App 178, 182, 262 P3d 1169 (2011). Because the parties are familiar with the facts and evidence in this case, we discuss only those historical and procedural facts that are necessary to provide context for our decision in this non-precedential memorandum opinion.

*Award of Sole Legal Custody to Husband*

Wife's first two assignments of error are related to the trial court's award of sole legal custody of their two children to husband, which included the court's finding that husband had not abused wife. To provide context for wife's arguments, we summarize how the evidentiary issue at the heart of wife's argument played out at trial.

On the first day of the dissolution trial, husband moved to exclude wife's exhibits 101 through 105. Exhibits 101, 102, and 103 were video files that wife alleged showed husband engaging in sexual acts with wife while she was sleeping. Exhibits 104 and 105 were audio files that wife

alleged contained husband's "confessions." In a lengthy colloquy with wife's counsel, the trial court attempted to ascertain the evidentiary connection between "what is alleged in their bedroom" and custody of the children, noting that the police had already investigated, and the district attorney had declined to bring any charges against husband. Ultimately, the trial court determined that wife had not established a relevance connection without relying on improper character inferences about husband and, therefore, granted husband's motion *in limine*. However, the court told wife that, if she could establish relevance during trial, the court would revisit its ruling.

During trial, wife did not attempt to admit exhibits 102 through 105. She did offer exhibit 101 and, ultimately, the trial court admitted the video into evidence and viewed it. In addition, both wife and husband testified about what the video in exhibit 101 showed and whether or not, in their respective opinions, it was abuse.

At the conclusion of trial and after meeting with the children in chambers off the record, the trial court awarded sole legal custody of the children to husband, with equal parenting time for wife and husband. In making its determination, the court made findings on all of the factors in ORS 107.137. With respect to the factor of abuse of one parent by the other, ORS 107.137(1)(d), the court found that the abuse alleged by wife did not meet the definition of "abuse" in ORS 107.705(1), and, thus, did not find that there was abuse of one parent by another.

In her first assignment of error, wife argues that the trial court erred in granting husband's motion *in limine* because the trial court improperly applied a higher standard of proof than the preponderance of the evidence. Wife's arguments are based on the trial court's comments that the abuse was criminally investigated but no charges were brought. In her second assignment of error, wife argues that, as a result of erroneously excluding that evidence, the trial court erred in its custody evaluation.

We reject wife's first assignment of error. Wife's arguments are unresponsive to the basis for the trial court's

grant of husband's motion *in limine*, which was that wife failed to explain the relevance of the proffered items of evidence without relying on impermissible character inferences. On appeal, wife still does not offer any such explanation, merely asserting that the evidence—without even articulating what that evidence is—was relevant to the custody factor of abuse, without saying anything more. With respect to exhibit 101, the trial court did admit that exhibit at trial, and wife offers no basis for us to reverse based on the trial court initially excluding that exhibit before trial.

To the extent that wife also argues that the trial court applied an incorrect standard of proof to its ultimate finding of no abuse under ORS 107.137, we also reject it on the merits, even though wife's assignment was explicitly made only to the trial court's ruling on the motion *in limine*. *See* ORAP 5.45(3) ("Each assignment of error must identify precisely the legal, procedural, factual or other ruling that is being challenged."). The trial court explained to wife during the argument on the motion *in limine* that it understood the different standards of proof and that it was not applying a criminal standard. And, under our standard of review, the trial court's finding on abuse was supported by any evidence in the record.[1] *Porter*, 245 Or App at 182.

We reject wife's second assignment of error, because, as argued, it is entirely predicated on the arguments that we have considered and rejected with respect to wife's first assignment of error. Wife has not articulated any other basis for her contention that the trial court erred in awarding custody to husband, and, thus, we affirm the custody order.

*Division of Husband's Medical Clinic*

In her third assignment of error, wife argues that the trial court erred in awarding her only one-third of the value of husband's medical clinic, which she assisted her husband with starting during the marriage. She asserts that, because the business was marital property, the presumption of equal contribution applied. She further asserts

---

[1] On appeal, the parties agreed during oral argument that the definition of abuse found in ORS 107.705(1) applies here, which was the definition the trial court relied on below. As a result, we express no opinion on the trial court's application of that definition to the custody factor in ORS 107.137(1)(d).

that husband did not rebut that presumption and that no special circumstances justified the unequal division. In her brief, wife acknowledges that she did not preserve this assignment of error and requests that we correct it as plain error.

When an asset is acquired during the marriage, it is a marital asset and, importantly, the statutory presumption of equal contribution applies. ORS 107.105(1)(f)(C); *Kunze and Kunze*, 337 Or 122, 134, 92 P3d 100 (2004). "When the presumption of equal contribution is not rebutted (either because no one has attempted to rebut it or an attempt has been unsuccessful), it weighs in favor of, but does not compel, an equal division of the asset." *Hostetler and Hostetler*, 269 Or App 312, 321, 344 P3d 126 (2015). Rather, the court must then determine "what division of all the marital property—that is, both the marital assets and any other property that the parties had brought into the marriage—is 'just and proper in all the circumstances.'" *Kunze*, 337 Or at 135 (quoting ORS 107.105(1)(f)). We review a trial court's "just and proper" determination for an abuse of discretion. *Code and Code*, 280 Or App 266, 271, 380 P3d 1073 (2016). In addition, we agree that wife did not preserve the arguments that she makes on appeal. Thus, we may exercise our discretion to correct that unpreserved error only if it first qualifies as plain error, meaning "it must be an error of law, obvious and not reasonably in dispute, and apparent on the record without requiring the court to choose among competing inferences." *State v. Vanornum*, 354 Or 614, 629, 317 P3d 889 (2013).

Wife's asserted error in the division of the clinic does not qualify as plain error. To reverse on plain-error review, we would have to conclude that it was apparent on the record, obvious, and not reasonably in dispute that the court made a property division outside the bounds of legally permissible outcomes. We cannot do so based on the record before us. The court awarded wife $76,257, which was approximately one-third of the value of the clinic, which was set at $229,000. It was undisputed that wife was paid as an employee by the clinic starting in 2015, which included sums of $78,000 in 2019 and $65,000 in 2020, despite her

having ceased all work at the clinic in 2018 after the parties separated. On this record, the court could have determined that, in the overall property division, it was just and proper to award wife one-third of the value of the clinic. *See, e.g.*, *Kunze*, 337 Or at 135 (explaining that the just and proper "inquiry also takes into account the social and financial objectives of the dissolution, as well as any other considerations that bear upon the question of what division of the marital property is equitable"); *Hostetler*, 269 Or App at 318 (observing that "neither rebuttal of the statutory presumption [of equal contribution] nor the presence of any particular equitable consideration is a mandatory prerequisite to an unequal property division"). It is not apparent on this record that the trial court misapplied any statutory or equitable considerations in making its just and proper inquiry, and thus, we reject wife's plain-error claim and will not disturb the court's division of the clinic on appeal.

*Award of the Happy Valley Property*

In her fourth assignment of error, wife argues that the trial court erred in awarding a residence in Happy Valley (the Happy Valley property) to husband as his separate property. Wife argues that the court should have awarded half of the marital appreciation in the Happy Valley property to wife, because husband commingled the asset into the marital finances.

As an initial matter, we agree with husband's argument that wife did not preserve her argument that she should be awarded half of the marital appreciation of the property, having asserted before the trial court only that she was entitled to half of the entire value of the property. Wife has not requested plain error review, and, in any event, we would not exercise our discretion to correct the error in this case, even if it was plain, because neither the court nor husband had the opportunity to address that argument before the trial court. *See, e.g.*, *Vanornum*, 354 Or at 630-31 (exercising discretion to correct plain error is a "prudential call" that is "to be made with the 'utmost caution' because such review undercuts the policies served by the preservation doctrine").

We will, however, review the preserved part of wife's argument that the trial court erred in determining that husband had not commingled the Happy Valley property. It is undisputed that husband acquired the Happy Valley property before the marriage. "When an asset was acquired prior to the marriage of the parties, the court's inquiry is limited to 'what is "just and proper in all the circumstances" in distributing that property.'" *Hostetler*, 269 Or App at 318-19 (quoting *Kunze*, 337 Or at 134). One consideration for a trial court in the just and proper division of property is "whether a spouse had intended to retain the separately acquired asset as a separate property or whether, instead, that spouse's treatment of the separately acquired asset demonstrated an intent for that asset to become a joint asset of the marital partnership." *Kunze*, 337 Or at 141. The court can consider different factors to discern a spouse's intent, including "(1) whether the disputed property was jointly or separately held; (2) whether the parties shared control over the disputed property; and (3) the degree of reliance upon the disputed property as a joint asset." *Id.* The court should also consider "whether equity requires the court to include a separately acquired asset in the property division under ORS 107.105(1)(f) because of the integration of that asset into shared finances of the marital partnership through commingling." *Id.* at 142.

Although not entirely clear from the trial court's comments, it could be that the trial court mistakenly stated that husband paid off the mortgage to the Happy Valley property before the marriage. Even if the court did make that mistake, however, the court did not err in determining that husband had not commingled the property and did not abuse its discretion in awarding the property to husband as his separate property. *Code*, 280 Or App at 271 (reviewing a court's "just and proper" determination for an abuse of discretion). The evidence was that husband paid off the mortgage in 2010, which was six years after they married. However, the only evidence at trial was that husband paid off that mortgage from a "personal" bank account, that the property was never income generating, that wife never lived in the house or contributed to it in any manner, that the property was never remodeled or upgraded, and that

husband used the property solely for his own purposes—to provide a place to stay for his visiting relatives. Although, on appeal, wife asserts that husband paid the mortgage and taxes using marital assets, there is no evidence in the record to support that assertion. Based on the record developed at trial, the court did not abuse its discretion in making the property division that it did.

Affirmed.