Argued and submitted January 28, remanded in part with instructions; otherwise affirmed April 27, 1994

In the Matter of the Marriage of

Mary SHELLEY,
*Appellant,*

*and*

Ronald Dean SHELLEY,
*Respondent.*
(92-04-24,789-E; CA A79125)

873 P2d 464

Mike Kilpatrick argued the cause for appellant. With him on the brief was Kilpatricks.

Max S. Taggart, II, argued the cause and filed the brief for respondent.

Before Rossman, Presiding Judge, and De Muniz and Leeson, Judges.

PER CURIAM

## PER CURIAM

Wife appeals from a dissolution judgment. She contends that the trial court erred in its division of the property.[1] On *de novo* review, we conclude that the trial court erred in failing to make an adjustment to the division based on a $37,500[2] payment that husband made to his brother shortly before trial.

Husband gave the money to his brother, allegedly in payment of several overdue installments on a note. The trial court found, and we agree, that the payment was a sham designed to reduce assets for the purpose of this dissolution. The fact that the money was income from separate property does not change the fact that it was marital income and, therefore, marital property. *Stice and Stice*, 308 Or 316, 325, 779 P2d 1020 (1989). As a result, the money paid to husband's brother should have been included in the property distribution. *Howard and Howard*, 103 Or App 342, 349, 798 P2d 683 (1990). Under the circumstances, we conclude that wife should receive one-half of the $37,500.[3]

Remanded with instructions to enter modified judgment awarding wife an additional judgment against husband for $18,750; otherwise affirmed. Costs to wife.

---

[1] Wife's arguments challenging the amount and duration of spousal support awarded and the failure to order husband to carry life insurance with her as a beneficiary do not require discussion.

[2] The trial court stated this amount as $35,000 in its written opinion. However, husband indicated that that figure was only an estimate, and later read the $37,500 amount into the record from the cancelled check.

[3] Husband does not argue that the money came from a nonmarital source, nor does he argue that he rebutted the equal contribution presumption as to it.