Argued and submitted September 11, 2020, affirmed October 13, 2021, petition for review denied April 21, 2022 (369 Or 675)

In the Matter of the Marriage of

Catherine Louise EBRIGHT,
*Petitioner-Respondent,*
*and*

Arnold Dean EBRIGHT,
*Respondent-Appellant,*
*and*

Cheryl Lynn MARTIN,
*Third Party Respondent.*

Marion County Circuit Court
17DR17475; A169004

499 P3d 841

Husband appeals from a general judgment of dissolution and a supplemental judgment awarding attorney fees to wife. He argues that the trial court erred in awarding the value of rental property to husband in the property division, because he did not have a legally enforceable interest in that property, having assigned the property to his sister. *Held*: The evidence in the record supported the trial court's finding that the supposed arrangement that husband was only managing the rental property for his sister, and that he did not have an ownership interest, was a "sham" based on the conduct of husband and his sister over the approximately 38 years after the assignment and based on its credibility findings. Based on its findings, the court correctly treated the property as marital property, subject to division.

Affirmed.

Audrey J. Broyles, Judge.

Mark T. McLeod argued the cause for appellant. Also on the briefs was McLeod & McLeod Attorneys at Law.

Tammy M. Dentinger argued the cause for respondent. Also on the brief were Elizabeth L. Polay and Garrett Hemann Robertson PC.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

ORTEGA, P. J.

Affirmed.

**ORTEGA, P. J.**

In this domestic relations case, husband appeals from the general judgment of dissolution, arguing that the trial court erred in making the property division that it did. Husband also appeals from the supplemental judgment awarding attorney fees to wife. We write to address only husband's argument that the trial court did not have authority to dispose of the house on Clark Avenue in the property division. As explained below, we conclude that the trial court did have that authority. We reject husband's remaining arguments with respect to the property division and the supplemental judgment for attorney fees without discussion and affirm.

Husband requests that we take *de novo* review. We decline to do so, because this is not an extraordinary case warranting such review and because the trial court made credibility findings that it was uniquely positioned to make. ORAP 5.40(8)(c) - (d). Accordingly, we "review the trial court's determination of a 'just and proper' property division for an abuse of discretion. In doing so, we are bound by the trial court's express and implicit factual findings if they are supported by any evidence in the record." *Morgan and Morgan*, 269 Or App 156, 161, 344 P3d 81, *rev den*, 357 Or 595 (2015). Because a lengthy recitation of the facts would not be helpful, we only briefly set out facts necessary to understand our disposition. It is sufficient to say that all of the trial court's express and implied findings of fact were supported by evidence in the record.

This issue in the case centers around a residence on Clark Avenue (the Clark property) that husband acquired before his marriage to wife in 1986. Husband and his sister signed an assignment in 1979 that assigned husband's interest in his land sale contract and in the real property to his sister for the consideration of one dollar. His sister lived in the house for about a year, then moved. At all times, including during the 31-year marriage to wife, husband paid all liabilities associated with the Clark property, including mortgage, taxes, homeowners' insurance, and repairs, and received all benefits from the Clark property, including collecting rents and claiming deductions on his and wife's joint

tax returns. Husband's sister was not involved with any decisions about the property, and, in 2009, when she lived in the Clark property for seven months, she paid rent to husband and wife. Husband had told wife that "at one point he had sold it to [his sister] for one dollar and she lived in it for a while and then she moved to Portland and gave it back to him."

Husband collected and deposited the Clark property rents into a joint account husband shared with wife. Liabilities were also paid from that account, and wife assisted husband in managing the property as a rental. Husband represented himself as the owner of the property to insurance companies, tax authorities, and in eviction proceedings. Husband told wife that she would have the Clark property on his death and that the property was part of their retirement planning. After paying off the mortgage to the Clark property in 2003, husband later, in 2006, received a warranty deed to the property in his name from the Department of Veterans Affairs, and husband took no action with respect to it, despite his testimony at trial in 2018 that he would have cleaned up title to his sister if he could have got the loan off the property. Husband and his sister claimed in their testimony that husband was only managing the property for his sister and that his sister allowed husband to keep all the rents to pay for the house upkeep and for his management.

The Clark property was valued at $150,000. Husband and wife also shared a marital home on Dearborn Avenue (the Dearborn property) that was valued at $200,000.

In the property division, the trial court attributed the value of the Clark property to husband and awarded any interest husband or wife holds in the property to husband. The court awarded the Dearborn property to wife, free and clear of any interest of husband. In short, the trial court concluded that it did not need to resolve any issue of legal ownership as between husband and his sister to the Clark property, and "for purposes of the divorce, the court determine[d] that it is just and equitable that Husband be attributed a value for the real property in the amount of $150,000," and, "[t]o the extent some court at a later time

may determine that Husband does not have legal ownership of the property, the court still finds that the property division contained in this judgment is just and equitable." The court also found that husband's and his sister's explanations about the arrangement between them with respect to the Clark property were not credible and found "this arrangement to be a sham; an effort to prevent wife from claiming an interest in what had always been represented and relied upon as 'their' property." In awarding the Dearborn property to wife, the trial court further found that husband had not modified the home to meet his unique needs and that the court "lacks confidence in husband's compliance with any future orders directing disposition of the residence" and, for that reason, ordered husband to vacate the home so that wife could sell it. In a supplemental judgment, the trial court awarded attorney fees to wife in the amount of $38,559.86.

The division of property in a marital dissolution case is governed by ORS 107.105(1)(f), which provides, in part, that "the court may provide in the judgment * * * [f]or the division or other disposition between the parties of the real or personal property, or both, of either or both of the parties as may be just and proper in all the circumstances." "To achieve that [statutory] directive, the statute empowers the court to distribute any real or personal property that either or both of the parties hold at the time of dissolution, including property that the parties had brought into the marriage." *Kunze and Kunze*, 337 Or 122, 133, 92 P3d 100 (2004). The "broad class of property within the court's dispositional authority [is described] as 'marital property.'" *Id.* Property that is acquired during the marriage is a subset of marital property that is described as "marital assets," and is subject to a rebuttable presumption of equal contribution under ORS 107.105(1)(f). *Id.* If the property was acquired before the marriage, then it is not a marital asset and "the court considers only what is 'just and proper in all the circumstances' in distributing that property." *Id.* at 134. After considering the nature of the property and relevant statutory considerations, the court's final inquiry is what property division is "just and proper in all the circumstances." *Id.* at 135. In determining what is just and proper,

the court's focus is on the equities and includes matters such as "the preservation of assets; the achievement of economic self-sufficiency for both spouses; the particular needs of the parties ***; and *** the extent to which a party has integrated a separately acquired asset into the common financial affairs of the marital partnership through commingling." *Id.* at 135-36.

On appeal, husband argues that the trial court abused its discretion in assigning to him, for purposes of the property division, any value from the Clark property, because neither he nor wife had any enforceable legal interest in the property. Husband also argues that there was no evidence that the transfer to his sister was a "sham" as it occurred several years before the marriage and was not designed to deprive wife of an interest in the property. Husband argues that he was simply meeting his duties to maintain the property until it was paid off in the early 2000s. He also argues that his sister, as the assignee of a contract for the purchase of land, assumed no liability to take on those duties herself, citing *Kunzman v. Thorsen*, 303 Or 600, 740 P2d 754 (1987). Husband asserts that the trial court had to first determine that he had a legally enforceable interest in the Clark property before the trial court could treat it as a marital asset.

Here, the trial court determined that the supposed arrangement that husband was only managing the Clark property for his sister was a "sham" based on the conduct of husband and his sister over the approximately 38 years after the assignment and based on its findings regarding the credibility of their testimony about the supposed arrangement. The court further found that husband acted in "an effort to prevent wife from claiming an interest in what had always been represented and relied upon as 'their' property." There is evidence in the record that supports the court's findings of historical fact and we defer to the trial court's credibility findings. *Johnson and Johnson*, 277 Or App 1, 15 n 2, 370 P3d 526 (2016) (noting that we defer to a trial court's express and implied credibility findings). Having determined that husband's claim to having no ownership interest in the Clark property was a sham, the court correctly treated the Clark property as marital property. *See*

*Timm and Timm*, 200 Or App 621, 627, 117 P3d 301 (2005) (rejecting any distinction between sham transfers of marital assets and sham transfers of marital property and concluding that the trial court correctly, for purposes of division of marital property, ignored a foreclosure on rental property the husband acquired before the marriage where the court found the foreclosure was a sham); *see also Shelley and Shelley*, 127 Or App 616, 617, 873 P2d 464 (1994) (where payments were made to a third party to reduce assets available for the property division, the payments were a sham and the money paid should be included in the property division).

Husband argues that the above reasoning does not apply, because the assignment to his sister occurred before the marriage and, because his sister did not assume obligations under the assignment, husband was merely meeting those obligations for all those years. We disagree. The assignment becomes no less a sham, based on the conduct of the parties, simply because it has origins before the marriage. Wife testified that husband had mentioned to her that he assigned the house to his sister for one dollar while she lived there in 1979, but that after she moved out, she gave it back to him. Husband's and his sister's subsequent actions over the following 38 years confirmed that intent. And, more importantly, husband actively treated the Clark property as his own and as a marital asset for the entire 31 years of his marriage to wife. Husband's disclaimer of any ownership interest in the property, after nearly 38 years of conducting himself as the owner of the property in every conceivable way, supports the court's conclusion that the supposed arrangement about which husband and his sister testified— that husband was only managing the property for his sister during all that time—was a sham designed to reduce the amount of property available for division in the dissolution. It is of no moment for the purposes of this dissolution that the sham husband sought to perpetuate for purposes of dissolution was based on an earlier assignment made to his sister in 1979 that both husband and his sister have long since treated as having no effect. The trial court correctly concluded that husband has an interest in the Clark property and the exact nature of that interest does not need to be determined based on the unique circumstances of this case.

This is not a speculative interest; at a minimum, husband holds a warranty deed to the property and there is no evidence in the record of any consideration that his sister gave for the supposed assignment to her of the property. The trial court correctly considered the Clark property to be marital property subject to division under ORS 107.105(1)(f).

In addition, with respect to how the court treated the Clark property in the property division, "acts of commingling may convert a separately acquired asset into a joint asset of the marital partnership." *Van Winkel and Van Winkel*, 289 Or App 805, 811, 412 P3d 243, *rev den*, 363 Or 224 (2018). Whether commingling has occurred depends on intent, which, "in turn, depends not on what the spouse might privately contemplate or publicly declare, but how the spouse *acts*, that is, what the spouse's treatment of the asset demonstrates." *Id.* (emphasis in original; citing *Lind and Lind*, 207 Or App 56, 67, 139 P3d 1032 (2006)). "[T]he court must evaluate the extent to which a spouse has integrated a separately acquired asset into the joint finances of the marital partnership and also evaluate whether any inequity would result from the award of that asset to that spouse as separate property." *Kunze*, 337 Or at 142. Here, in attributing the entire value of the Clark property to husband as a value to balance in the property division, the court correctly considered the extensive and lengthy commingling of the Clark property in husband's and wife's joint finances, as well as other equitable considerations. *See, e.g.*, *Tsukamaki and Tsukamaki*, 199 Or App 577, 586, 112 P3d 416 (2005) ("In some cases, a particular asset may be commingled to such an extent that it would be inequitable to divide it in any manner other than equally."). Moreover, husband does not assert any argument on appeal that, if the Clark property was subject to consideration by the court in the property division, the court should have made a different consideration of it. Under the unique circumstances presented here, the trial court did not abuse its discretion in making the property division that it did.

Affirmed.