Argued and submitted September 12, 2022, affirmed February 1, petition for review denied May 4, 2023 (371 Or 60)

In the Matter of the Marriage of

Ausencia A. FLORES,
*Petitioner-Respondent,*
*and*

Marcelino Alejo ESCALONA,
*Respondent-Appellant.*

Washington County Circuit Court
19DR18343; A175736

524 P3d 540

Husband appeals a judgment of dissolution of marriage, assigning error to the trial court's unequal division of real property and to its decision to award more real property to wife in lieu of spousal support. The trial court's division of property was based in part on findings regarding the parties' disparate incomes and earning ability. *Held*: The trial court did not abuse its discretion when it awarded more of the parties' real property to wife in lieu of spousal support. Its division advanced the achievement of economic self-sufficiency for both spouses. The statutory and equitable considerations that underlie ORS 107.105(1)(f) supported the trial court's distribution of property.

Affirmed.

James Lee Fun, Jr., Judge.

Kimberly A. Quach argued the cause for appellant. Also on the briefs was Quach Family Law, P.C.

Laura Graser argued the cause and filed the brief for respondent.

Before Shorr, Presiding Judge, and Mooney, Judge, and Pagán, Judge.

PAGÁN, J.

Affirmed.

**PAGÁN, J.**

Husband appeals the trial court's general judgment of dissolution of marriage, challenging the distribution of property. We conclude that the trial court did not abuse its discretion when it awarded more of the parties' real property to wife in lieu of spousal support. Accordingly, we affirm.

Husband requests that we exercise our discretion to review the proceedings *de novo*. ORS 19.415(3)(b). We decline to do so because the case is not exceptional, and the trial court made credibility findings that it was uniquely positioned to make. ORAP 5.40(8)(c)-(d). Accordingly, we "review the trial court's determination of a 'just and proper' property division for an abuse of discretion. In doing so, we are bound by the trial court's express and implicit factual findings if they are supported by any evidence in the record." *Morgan and Morgan*, 269 Or App 156, 161, 344 P3d 81, *rev den*, 357 Or 595 (2015).

Husband and wife were married in Mexico, and they came to the United States in 1982. At the time of their divorce, husband was 66 years old, and wife was 61 years old. They were married for over 46 years. In his time in the United States, husband worked as a groundskeeper and, for the last 10 years, operated his own landscaping business. Wife raised their children, and, for approximately the last 10 years, operated a housekeeping and cleaning business. Over the course of their marriage, they acquired five residential properties, none of which are encumbered. Three of the properties are in Oregon—two in Cornelius, one in Hillsboro—and the other two are in Mexico.

In her petition for dissolution of marriage, wife requested an award of spousal support, which husband opposed. In her trial memorandum, wife asked for an unequal division of property in her favor instead of an award of monthly spousal support based on concerns she had that husband might not pay the support obligation. However, in her closing argument wife sought either spousal support or an unequal division of the real property in lieu of spousal support. In his closing argument, husband opposed an award of spousal support. After a three-day trial on wife's petition, the trial court issued a general judgment of dissolution.

Based in part on testimony regarding husband's landscaping business, the trial court found that husband's gross monthly income was approximately $5,000. The trial court found that wife's income from her housekeeping business was below minimum wage, and so it imputed to wife a gross monthly income of $1,993.33. Despite the income disparity, the trial court did not award wife any spousal support. Instead, the trial court awarded three of the five residential properties to wife. The trial court explained that the unequal distribution of real property was "equitable, just and proper, based upon the award of $0 to [w]ife for maintenance spousal support."

On appeal, husband assigns error to the trial court's unequal division of the real property and to its decision to award more real property to wife in lieu of spousal support.[1] ORS 107.105(1)(f) governs the division of property in a dissolution proceeding. The overarching consideration is that the division be "just and proper in all the circumstances." *Id.* When property is acquired during marriage, it is a "marital asset," and there is a rebuttable presumption that both spouses contributed equally to its acquisition. *Kunze and Kunze,* 337 Or 122, 132-33, 92 P3d 100 (2004). When the presumption applies, it is generally appropriate to divide property equally. *Id.* at 134.

However, even when the statutory presumption regarding an equal division of marital assets is not rebutted, the trial court's inquiry regarding a just and proper division of all the marital property must take "into account the social and financial objectives of the dissolution, as well as any other considerations that bear upon the question of what division of the marital property is equitable." *Kunze*, 337 Or at 135. Those considerations include "the preservation of assets; the achievement of economic self-sufficiency for both spouses; [and] the particular needs of the parties and their children[.]" *Id.* at 136. "The trial court's ultimate determination as to what property division is 'just and proper in all the

---

[1] We reject wife's claim that husband did not preserve that argument. In the trial court, husband proposed a sale of the Hillsboro property and an equal division of the proceeds, which would have come much closer to an equal division of the real property.

circumstances' is a matter of discretion. This court will not disturb that discretionary determination unless it concludes that the trial court misapplied the statutory and equitable considerations that ORS 107.105(1)(f) requires." *Id*.

Applying those considerations, we conclude that the trial court did not abuse its discretion when it awarded the "long half" of the marital property to wife. Wife resided in one of the houses in Cornelius, husband resided in the other house about six blocks away, and two of their adult children rented the house in Hillsboro. The parties stipulated that they should each be awarded their residence. The trial court awarded one of the properties in Mexico to wife and the other to husband. Husband proposed that the Hillsboro property should be sold and the proceeds divided equally, but, instead of doing so, the trial court awarded it to wife. The trial court also divided multiple bank accounts, other liquid assets, vehicles, and debt, awarding more of those assets to husband. The end result was that the trial court awarded wife approximately 60 percent of the marital estate and awarded husband approximately 40 percent.

In making that division of property, we are not persuaded that "the trial court misapplied the statutory and equitable considerations that ORS 107.105(1)(f) requires." *Kunze,* 337 Or at 136. Indeed, "our case law has previously recognized that an award of property may be made in lieu of an award of spousal support, and to provide a family home." *Thompson and Thompson*, 204 Or App 53, 60, 129 P3d 189 (2006). In *Thompson*, we affirmed the trial court's decision to award a farm to the wife in lieu of spousal support even though she had not rebutted the statutory presumption of an equal division of property. *Id*. at 59-60. Other circumstances in that case weighed against an equal division, including providing the parties' children with security and the least amount of disruption. *Id*. at 60. In addition, the husband had a poor history of meeting financial obligations. *Id*. And in *Moore and Moore*, 112 Or App 503, 507, 829 P2d 704 (1992), we determined that it was appropriate to award more property to the wife in lieu of spousal support because the husband had "an advantageous economic position relative" to his wife and the "advantage had not been lost because of a career change."

Husband argues that *Thompson* and *Moore* are distinguishable because the parties in those cases were "decades from retirement," whereas he was already 66 years old at the time of trial. However, as the trial court explained when discussing its decision to impute an income of $5,000 per month to husband, "[n]otwithstanding *** [his] age and his claim of longstanding health problems, the evidence of his continued ability and desire to work is found in his direct testimony to the court. [Husband] testified [that] he felt healthy and intended to continue working and his family members reported that through 2020 he consistently visited landscaping job sites." On the other hand, the trial court found that wife's business income had remained unchanged for years, and it was "durably low." We are bound by those factual findings, which are supported by evidence in the record. *Morgan*, 269 Or App at 161.

Next, husband argues that the value of the additional real property awarded to wife represents many more years of support than was the case in *Thompson* or *Moore*. But the key question is whether the trial court "misapplied the statutory and equitable considerations that ORS 107.105(1)(f) requires" when dividing the property. *Kunze,* 337 Or at 136. Here, the trial court's division advances "the achievement of economic self-sufficiency for both spouses." *Id*. The trial court found that husband's past earnings were much greater than reported, that he continued "to maintain an active business" for "several days every week," and that his testimony regarding bank accounts in his name was not transparent. For the trial court, the fact that the parties own five unencumbered properties was evidence of husband's "business acumen and earning ability." The trial court's findings regarding the parties' disparate incomes and earning ability, which were based in part on credibility determinations, support the decision to award more real property to wife in lieu of spousal support. *See Pierson and Pierson*, 294 Or 117, 124, 653 P2d 1258 (1982) ("Where the income and property of one spouse is greater, the achievement of economic self-sufficiency of both parties is not necessarily best served by an equal division of the marital assets."); *see also Richardson and Richardson*, 307 Or 370, 381-82, 769 P2d 179 (1989) (augmenting wife's share of jointly acquired

martial property because of husband's greater income, earning power, and individually acquired assets, and because wife was often unable to work).

Husband faults the trial court for failing to take into account rental income to wife from the Hillsboro property, but there was evidence that the house is in poor condition and "would not be rentable to someone other than a family member presently." Based on the considerations underlying ORS 107.105(1)(f), there was no abuse of discretion in the trial court's decision to award the long half of the marital property to wife in lieu of spousal support.

Affirmed.