152 February 20, 2025 No. 130

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Marriage of

Francisco RUELAS-CEJA,
aka Francisco Ruelas Ceja,
*Petitioner-Appellant,*
*and*

Melissa L. RUELAS-CEJA,
aka Melissa Ruelas Ceja,
*Respondent-Respondent.*

Clackamas County Circuit Court
21DR03428; A181700

Jeffrey S. Jones, Judge.

Argued and submitted January 6, 2025.

Francisco Ruelas-Ceja argued the cause and filed the brief *pro se*.

No appearance for respondent.

Before Ortega, Presiding Judge, Hellman, Judge, and Mooney, Senior Judge.

HELLMAN, J.

Affirmed.

**HELLMAN, J.**

In this domestic relations case, husband, appearing *pro se*, appeals a general judgment of dissolution. In a single assignment of error, husband challenges the property division, which he argues was unfair and inequitable. He "seeks modification of the judgment of dissolution to award him an equalizing judgment." For the reasons below, we affirm the trial court's judgment.

We review the trial court's decision for an abuse of discretion. *Flores and Escalona*, 324 Or App 23, 24, 524 P3d 540, *rev den*, 371 Or 60 (2023). As part of that review, we "are bound by the trial court's express and implicit factual findings if they are supported by any evidence in the record." *Id*. (internal quotation marks omitted).[1]

In his assignment of error, husband argues that the trial court "fail[ed] to adequately consider significant evidence, including [wife's] repeated instances of providing false testimony and manipulating evidence." Although husband challenges the way in which the trial court evaluated the evidence, the record demonstrates that the trial court adequately considered the evidence presented. Importantly, the trial court explicitly found that wife was credible:

"Despite the length of this trial and the number of exhibits and exhibit binders, this case is essentially about credibility. It is a case with a core issue of credibility because if one party is believed, then their proposal for the division of assets and liabilities follows. In this case, the court finds [wife] to be credible. She testified in a believable way about being abandoned by [husband], who contributed nothing to her and their business for a considerable period of time. *** The court does not find [husband's] testimony credible about his signing of the quit claim deed to the Washougal property. In addition, his request for spousal support is unreasonable."

Our standard of review limits our appellate review of the trial court's decision. On appeal, we do not reweigh

_____

[1] We do not understand husband to request *de novo* review and we decline to exercise our discretion to do so "because the case is not exceptional, and the trial court made credibility findings that it was uniquely positioned to make." *Flores*, 324 Or App at 24.

evidence or make new credibility findings. *Gott-Dinsmore and Dinsmore*, 330 Or App 169, 176, 543 P3d 121 (2024) ("[M]uch of [husband's] argument is based on his own testimony, which the trial court found not credible, and we do not reweigh evidence on appeal."). Instead, we are required to "defer to the trial court's credibility findings" if those findings are supported by any evidence in the record. *Ebright and Ebright*, 315 Or App 95, 99, 499 P3d 841 (2021), *rev den*, 369 Or 675 (2022).

Having reviewed the record, we conclude that evidence supports the trial court's findings. As a result, the trial court did not abuse its discretion when it made the property award that it did. *See id.* at 96 ("It is sufficient to say that all of the trial court's express and implied findings of fact were supported by evidence in the record.").

Affirmed.