Submitted on record and briefs March 16, affirmed as modified June 20, 1990

In the Matter of the Marriage of

Jean L. HAINES,
*Respondent,*

*and*

Ronald D. HAINES,
*Appellant.*

(88-0195; CA A60992)

793 P2d 347

Ronald D. Haines, Salem, filed the brief *pro se* for appellant.

No appearance for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Husband assigns error to the trial court's division of property, contending that the property division should be equal.[1] He is incarcerated at Oregon State Prison and will be for approximately three and one-half more years. Wife was awarded custody of the parties' two children and all of their property, except for husband's personal property in his possession. One of the items awarded to wife was the refund on their 1988 joint income tax returns. Wife was required to pay all the parties' debts except for a loan of $1,100 from Federal Metals that was used to pay the parties' 1986 taxes, which the trial court required husband to pay. The trial court awarded wife $225 per child per month, half of the children's needs, to be paid beginning 60 days after husband's release from prison.

■ ■ ORS 107.105(1)(f) provides that the court has the power to divide the property "as may be just and proper in all the circumstances." The court must consider the needs of the children in deciding what is just and proper.[2] In *Seefeld and Seefeld,* 294 Or 345, 352, 657 P2d 201 (1982), the court said:

> "Where earnings and assets are not sufficient to support the needs of the children as well as both parties, however, courts often cannot escape the necessity to determine which combination of support payments, property, and other sources of income will most effectively provide for the children. Frequently this results in an award of the family home to the custodial parent. It may also involve an award of property that helps to meet current needs (for instance, an automobile for family transportation) rather than imposing higher child support payments that cannot realistically be counted on."

During the three and a half years that husband will be in prison, he will have no income. Wife will earn enough to support herself but not enough to meet the needs of the children, which the trial court found to be $900 a month. Therefore, it was equitable for the trial court to look to the property, to which both contributed, to meet that need. We agree with the trial court that after the sale of the land, the proceeds remaining after wife has paid the debts will not exceed the

---

[1] Husband's other assignments of error lack merit.

[2] The new child support guidelines authorized by ORS 25.275 do not apply to this case, because the decree was issued before the statute became effective on October 3, 1989. *Butcher and Butcher,* 100 Or App 476, 786 P2d 1293, *rev den* 310 Or 70 (1990).

amount needed for the children's support while husband is in prison.

We conclude, however, that wife should be obligated to pay and hold husband harmless from any claims arising under the loan from Federal Metals.

Judgment modified to require wife to pay and to hold husband harmless from the Federal Metals loan; affirmed as modified. No costs to either party.