Submitted on record and appellant's brief October 1, 1990, remanded for modification of property division and spousal support May 1, 1991

In the Matter of the Marriage of

Faith E. PRESCOTT,
*Respondent,*
*and*

Donald Lee PRESCOTT,
*Appellant.*

(88C-32462; CA A63002)

810 P2d 861

James J. Susee, Salem, filed the brief for appellant.

No appearance for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Husband appeals a dissolution of marriage judgment and contends that the property division and spousal support provisions are inequitable. We review *de novo* and modify the judgment.

At the time of trial the parties had been married for 37 years and were 55 and 56 years old. They have four children, all emancipated. Husband earns $24,600 gross per year as a corrections officer. Wife is the sole proprietor of a private school and has a gross annual income of about $11,000.

The court awarded wife her school business, valued at $2,000, the residence, with a net value of $17,580, her IRA's, valued at $6,260, and one-half of husband's PERS benefit. Husband was awarded the balance of his PERS entitlement. In a memorandum, the court explained its property distribution and spousal support award:

> "Based upon the foregoing, it would require a judgment from wife to husband of $11,870 to equalize the division of assets.
>
> "As to spousal support, the [wife] is requesting $400 per month. The Court finds this is an appropriate amount based upon the incomes of the parties. If the Court were to award that it would result in approximate net disposable monthly income to the [husband] of $1,210 and to [wife] of $1,033.
>
> "However, the Court fails to see how [wife] could possibly pay the above indicated judgment to equalize property division. Therefore, the Court will set spousal support at $300 per month. The parties are 56 and 55. At the reduced rate of $300 per month the [wife] would receive $12,000 less in spousal support over the approximate ten years until she retires. The Court will use this means to, in essence, equalize property division and thereby leave them on as equal a basis as possible as they leave the marriage."

Husband first contends that the spousal support award is not equitable. On *de novo* review, we concur with the trial court that wife is entitled to permanent support of $400 per month.

Husband next argues that it is inequitable to award him a judgment to equalize the property division and then

allowing wife to discharge it by a reduction in support. We agree. Spousal support is modifiable and can be terminated, but a property distribution cannot. Wife was given a disproportionate distribution of the assets in addition to substantial spousal support. Although there is sufficient flexibility in setting spousal support under ORS 107.105(1)(d)(F) to allow an award of property in lieu of support, that is not an equitable solution here and is not what the court did. These parties are entitled to an equal division of the marital assets under all of the circumstances. If circumstances change to justify reduction or elimination of the support, husband will not receive the share of assets to which he is entitled.

The trial court expressed concern about wife's ability to pay a judgment. There are a variety of means to discharge the judgment other than by off-setting support. We conclude that the judgment should be modified to award husband a judgment for $10,000 payable over a ten-year period, beginning on the effective date of the appellate judgment, with interest at the statutory rate. The amount of spousal support should be increased to $400 per month, beginning on the effective date of the appellate judgment. We have set the judgment at $10,000 rather than $11,870, because husband had been ordered to pay only $300 per month spousal support pursuant to the trial court's plan to discharge the judgment. Consequently, he has had the benefit of that plan and we reduce the judgment by the approximate amount of the difference in spousal support ordered between the original judgment and our modification.

Husband also contends that the court undervalued wife's school business. However, he offered no evidence as to its value, and the court found the value from evidence presented by wife. On this record, there is no basis for arriving at a different conclusion.

Remanded for modification of property division and spousal support not inconsistent with this opinion. No costs to either party.