Argued and submitted June 26, 1991, remanded for determination of child support;
otherwise affirmed April 22, 1992

## In the Matter of the Marriage of

### Diane G. MOORE,
*Respondent,*

*and*

### John C. MOORE,
*Appellant.*

### (89-6-331; CA A65553)

829 P2d 704

Dale R. Koch, Portland, argued the cause for appellant. With him on the brief were Sharon A. Williams and Sorensen-Jolink, Trubo, Koch & McIlhenny, Portland.

Kenneth Lee Baker, Clackamas, argued the cause and filed the brief for respondent.

Before Richardson, Presiding Judge, and Joseph, Chief Judge,* and Deits, Judge.

DEITS, J.

---

* Joseph, C. J., *vice* Newman, J., deceased.

## DEITS, J.

Husband appeals a dissolution judgment that awarded wife the long half of the parties' assets and child support that he contends is inconsistent with the Uniform Support Guidelines. We affirm the property division and remand for a new child support determination.

The parties were married for 20 years and have two children, ages 16 and 14. Wife, age 43, is a school nurse and earns $1,837 per month. She was a homemaker throughout most of the marriage, volunteering and working just enough to keep her nursing license current. Husband, age 41, has a doctorate in theology and, for 14 years, has worked as a professor and pastor, earning approximately $2,500 per month. He is now in law school and does seasonal work on the parties' Christmas tree farm. During the marriage, the parties also received income from the farm.

The trial court found that wife was entitled to spousal support but that a long-half division of the property was preferable:

> "In determining the issue of spousal support the purpose of Oregon law, financial rehabilitation, would better be served by awarding petitioner the 'long half' of the property. Respondent's 'career change' is necessary because a functioning marriage is a prerequisite for his former employment as a professor of theology and pastor. Assuming that his present educational endeavor is independent of this proceeding he would, on completion of his education, again have an advantageous financial position to petitioner. The standard of living that will be most affected by this proceeding is that of the petitioner and the children."

The court awarded wife property valued at $146,717, and husband property valued at $102,316, which amount to awards of 59 and 41 percent of the property, respectively.

■■ Husband argues that the trial court erred in awarding wife the "long half" of the marital property. Generally, marital assets are to be divided as equally as possible. *Richardson and Richardson*, 307 Or 370, 379, 769 P2d 179 (1989). However, ORS 107.105(1)(d)(F) authorizes a court to distribute the parties' property in a manner that is "just and

proper in all the circumstances." As the Supreme Court held in *Richardson*:

> " '[T]here are social objectives as well as financial ones to be achieved and that may result in an uneven financial division.' Consequently, a court may order an unequal division of property 'to the extent required for the accomplishment of the other purposes of the decree, whether that be to preserve assets, to enable a party to pay support, or, as here, to enable both parties to begin post-marital life with a degree of economic self-sufficiency, or to satisfy other subsections of ORS 107.105.' " 307 Or at 380 (quoting *Pierson and Pierson*, 294 Or 117, 123, 653 P2d 1258 (1982)).

■ The trial court's reason for an unequal division of property is that wife was entitled to spousal support because of her more limited earning capacity. It concluded, however, that, under husband's present financial circumstances, the best way to provide wife the support is to award her more of the marital assets in lieu of spousal support. We have held that that is permissible:

> "There is sufficient flexibility in setting spousal support under ORS 107.105(1)(d)(F) to allow an award of property in lieu of support." *Prescott and Prescott*, 107 Or App 14, 17, 810 P2d 861 (1991).

Husband argues, however, that this is not an appropriate case in which to award additional property in lieu of support, because wife is not entitled to spousal support at all. He contends that she is educated, employed and capable of being self-supporting and that his earning capacity has substantially declined because of the necessity to leave his profession and begin training for a new career.

In determining whether spousal support is warranted in a particular case, the goal is to allow the parties an opportunity to have a standard of living not overly disproportionate to that enjoyed during the marriage, to the extent possible. ORS 107.105(1)(d)(M). Among the factors to be considered are whether

> "a party's extended absence from the job market to perform the role of homemaker, [makes it] likely that the party will never substantially recover from the loss of economic position due to the extended absence, and [whether] the other party has, during the marriage, *achieved a substantially*

*advantageous economic position through the joint efforts of the parties.*" ORS 107.105(1)(d)(F). (Emphasis supplied.)

The trial court specifically found that husband has an advantageous economic position relative to wife and that his advantage has not been lost because of a career change. We agree with that finding. Wife was a homemaker throughout most of the marriage. At the time of trial, she had been employed as a nurse for eight months, her first full-time job in many years. Conversely, husband had been continually employed for over 14 years and was earning approximately $2,500 per month before the dissolution. Although his marital problems limit his opportunities as a professor and pastor, we are not convinced that there are no opportunities to use his skills in employment. Despite the present financial difficulties that he faces in attempting both to attend school and to work part time, his education, work history and potential income on completion of his legal training place him in a better economic position than wife. Further, she should not be required to bear the entire financial burden resulting from husband's career change. *Page and Page,* 103 Or App 431, 433, 797 P2d 408 (1990); *Gable and Gable,* 89 Or App 664, 667, 750 P2d 534 (1988). We conclude that the additional property awarded to her by the trial court is appropriate.

Husband also argues that the trial court erred in departing from the Child Support Guidelines by ordering him to pay $300 per month for each child. In an opinion letter, the court explained its reasoning:

"[Wife] earns $1,837 a month. [Husband] is a first year student at Northwestern School of Law, his only employment is seasonal work on the family Christmas tree farm. Assuming [his] employment at minimum wage, the presumed basic child support obligation is $607. However, based upon [his] education, work experience, the children's needs * * * and [his] sharing of living expenses that presumption is rebutted."

Asserting that he is a full-time student with little or no income, husband contends that he should only pay $50 a month under OAR 137-50-470, which provides:

"Notwithstanding the amount of the gross income of either parent subject to a determination under rules 137-50-320 through 137-50-490, it shall be a rebuttable

presumption that the noncustodial parent has an ability to pay a total of $50 per month as child support for the benefit of a joint child or children."

Under the guidelines, established under ORS 25.275, the court must determine each parent's gross income and the total of their combined adjusted gross incomes. OAR 137-50-330(1). Given that total, the "basic child support obligation" is provided by the guideline tables.[1] The parents are presumed to be able to pay the proportion of that obligation that reflects their respective shares of the combined adjusted gross income. That presumption may be rebutted by evidence of

> "*other available resources of a parent*; the reasonable necessities of a parent; the net income of a parent remaining after withholdings required by law or as a condition of employment; a parent's ability to borrow; the number and needs of other dependents of a parent; the special hardships of a parent; *the needs of the child*; the desirability of the custodial parent remaining in the home as a full-time parent and homemaker; the tax consequences, if any, to both parents resulting from spousal support awarded and determination of which parent will name the child as a dependent; and the financial advantage afforded a parent's household by the income of a spouse or another person with whom the parent lives in a relationship similar to husband and wife." ORS 25.280; *see also* OAR 137-50-330(2)(a).

If the court determines that the evidence does rebut the amount in the child support tables, a "written or specific finding must be made on the record." OAR 137-50-330(2)(b).

Here, the trial court found wife's income to be $1,837 per month and assumed husband's income to be minimum wage. It calculated the basic support obligation for the two children to be $607,[2] but after concluding that the presumption that that amount was appropriate was rebutted by husband's "education, work experience, the children's needs * * * and [his] sharing of living expenses," the court adjusted

---

[1] OAR 137-50-350(4) provides:

" 'Basic child support obligation' means the support obligation determined by applying the parent's adjusted gross income, or if there are two parents, their combined adjusted gross income to the scale in the manner set out in rule 137-50-490."

[2] It is not clear how the court arrived at this sum under the guidelines.

the basic support obligation upward. It held that husband should pay $300 per child, for a total monthly obligation of $600.

It was appropriate for the trial court to consider the child's needs and one parent's sharing of living expenses in deciding under OAR 137-50-330(2) whether the presumptive amount of child support was rebutted. However, the court's conclusion that because of husband's education and work experience, he had the potential to produce a higher income than he was currently making and should pay more, was not an appropriate consideration under OAR 137-50-330(2). Rather, the court should have considered those factors in determining husband's "gross income" on which the presumptive child support obligation is based.

"Gross income" is defined in the guidelines as:

"(a)   The gross income of the parent calculated pursuant to rules 137-50-340 and 137-50-350;

"(b)   The potential income of the parent calculated pursuant to rule 137-50-360 in certain cases where the parent is unemployed or underemployed; or

"(c)   A combination of gross income and potential income as calculated under subsections (a) and (b) of this section." OAR 137-50-320(4).

OAR 137-50-360 governs how the court is to calculate "potential income:"

"(1)   If a parent is unemployed, employed on less than a full-time basis or there is no direct evidence of any income, child support shall be calculated based on a determination of potential income. For purposes of this determination, there shall be a *rebuttable presumption that a parent can be gainfully employed on a full-time basis*.

"(2)   Determination of potential income shall be made according to one of two methods, as appropriate:

"(a)   Determine employment potential and probably earnings level *based on the parent's recent work history, occupational qualifications*, or prevailing job opportunities and earnings levels in the community; or

"(b)   Notwithstanding any other provision of this section, the amount of potential income attributed to a parent

will *not be less than full-time work (40 hours a week) at the current state minimum wage.*" (Emphasis supplied.)

We remand to the trial court for a redetermination of child support. If the court decides that it is appropriate to consider husband's potential income, it should determine that amount in accordance with OAR 137-50-360 and that amount should be used in calculating the basic child support obligation. The court may then consider, on the basis of the factors in OAR 137-50-330(2)(a), whether the amount calculated under the child support tables is appropriate or has been rebutted by other evidence.

Remanded for determination of child support; otherwise affirmed. No costs to either party.