Argued and submitted February 7, judgment modified in part; affirmed as modified
May 15, 2003

## In the Matter of the Marriage of

## Catherine Ann PARKER,
*Appellant,*

*and*

## Gregg Wayne PARKER,
*Respondent.*

## C994210DR; A116497

69 P3d 811

David N. Hobson, Jr., argued the cause for appellant. With him on the brief was Hobson & Angell, L.L.P.

Laura Graser argued the cause and filed the brief for respondent.

Before Edmonds, Presiding Judge, and Kistler and Schuman, Judges.

EDMONDS, P. J.

**EDMONDS, P. J.**

Wife appeals from a judgment of dissolution of marriage. ORS 107.105. In substance, she argues that the trial court's property and support awards are inequitable in light of the parties' circumstances. We reverse in part and award the marital residence to wife. Otherwise, we affirm the judgment of the trial court.

We find the following facts on our *de novo* review. ORS 19.415(3). This case involves the dissolution of a 13-year marriage. Husband is 44 years old, and wife is 38 years old. The parties have three children, who were 11, 6, and 3 years of age at the time of trial. Wife is the custodial parent of all three children, an award that is not in dispute. Wife is a physical therapist and works approximately 36 hours per week at a rate of $22.98 per hour.[1] She earns approximately $3,850 per month, including an untaxed reimbursement that she receives for mileage. After taxes, her net monthly income is approximately $3,064. The children's monthly expenses are approximately $1,300 a month.[2] Her fixed expenses are about $1,829.[3] The monthly mortgage payment on the parties' residence is $850 per month.

Husband is mentally ill. His treating psychiatrist, Dr. Susan Smith, testified that husband suffers from "severe major depression, * * * panic disorder, and * * * sexual addiction." According to Smith, husband's sexual addiction is a form of obsessive compulsive disorder that impairs husband's ability to concentrate and function. He also has

---

[1] On *de novo* review, we find it inequitable to impute income to wife based on a 40-hour work week, as the trial court did. Although a court may consider potential income in making financial distributions, it should consider the income that is actually presently available. Further, a spouse seeking an award based on potential income must demonstrate that the other spouse has the present ability to pay based on that income. *McCarthy and McCarthy,* 170 Or App 183, 189-90, 12 P3d 519 (2000). From the record in this case, and based on those considerations, the financial distribution should be calculated using wife's actual income rather than her potential income.

[2] That amount excludes $358 per month for private school that wife was spending before trial.

[3] Wife's monthly expenses include a car payment of $150. The trial court subtracted that amount from her expenses because her vehicle was scheduled to be paid off about nine months following trial. However, we find it equitable to include an allowance for car payments. Wife travels as part of her work, and the van that she currently drives has been in an accident.

"extreme difficulty with organization. He often is late to his appointments, thinks that his appointment is on one day when it's on another, has a lot of trouble tracking medications, appointments, times, dates, loses appointment reminding books that I give to him and is just generally totally disorganized."

Smith stated that husband "will be severely impaired for a number of years, if not as an ongoing permanent problem." There is no persuasive evidence in the record that controverts Smith's testimony. Due to his mental illness, husband is unable to work. Husband is also homeless. For a period of time, he stayed in a domiciliary provided for disabled veterans by the VA. However, due to his severe impairment that causes him to be extremely "disorganized and disruptive of the setting[,]" he was asked to leave. At the time of trial, he had been homeless for more than two years. He does not receive social security or other disability benefits.

The parties own a house in Beaverton. They also have a Mercury van and a Toyota Corolla. They owned a retirement account containing $33,044 at the time of separation. However, at the time of trial, wife had withdrawn $11,044 from the account to pay attorney fees and credit card bills. The parties also owned stock that wife sold for $8,580 to pay attorney fees and expenses during the pendency of the divorce. Those assets were included in the property distribution by the trial court. At trial, wife requested that she be awarded the marital residence. After hearing the evidence in this case, the trial court made the following distribution of the parties property:

| Assets | Wife | Husband |
| --- | --- | --- |
| House | $27,544.50 | $29,939.50 |
| Mercury van | 7,159.00 | |
| Toyota | | 3,388.00 |
| Freeman Welwood Account | 11,044.00 | 22,000.00 |
| Stock | 8,580.00 | |
| Personal Property | 1,000.00 | |
| Total | $55,327.50 | $55,327.50 |

In its judgment, the court divided the equity in the house in the form of an equalizing judgment. It explained:

> "The equity in the residence shall be divided in such a way as to equalize the division of the assets between the parties calculating the total assets described herein. This is accomplished by one of two methodologies. Either of which is acceptable. [Wife] may pay an equalizing judgment to [husband] within six months or, if she is unable to do so, the house shall be placed on the market and sold as soon as is commercially practicable. The equalizing judgment would be in the amount of $29,939.50. Accordingly, [wife] shall pay to [husband] the sum of $29,939.50 within six months. If that occurs, [wife] shall be awarded all right, title and interest in the [residence] subject to all encumbrances thereon * * *."

The trial court also ordered wife to pay spousal support to husband in the amount of $150 per month for nine months and then $300 per month thereafter, until husband reaches the age of 62. Husband was not ordered to pay any child support.[4]

Wife appeals from the financial portions of the dissolution judgment.[5] Specifically, she argues that "[t]he [t]rial [c]ourt did not adequately address the needs of the children" because it "failed to acknowledge that [w]ife's income was not on its own, adequate to support herself, the parties' three children and still contribute spousal support to [h]usband and then * * * divide all of the parties' assets equally between them." Husband counters that, in light of the evidence regarding his inability to work and support himself because of his disability, the court's awards and divisions of property were equitable.

---

[4] The amount of child support that a parent is required to pay must not exceed that parent's ability to pay nor preclude that parent from supporting himself or herself. *Pedroza and Pedroza*, 128 Or App 102, 108, 875 P2d 478 (1994). In this case, because husband's mental illness precludes him from working, any order of child support would exceed his ability to pay.

[5] In addition, wife appeals the trial court's denial of her motion for a new trial under ORCP 64 B and 64 C. We hold that the trial court did not abuse its discretion when it denied her motion, *McCathern v. Toyota Motor Corp.*, 160 Or App 201, 237, 985 P2d 804 (1999), *aff'd*, 332 Or 59, 23 P3d 320 (2001), and reject her arguments on that issue without further discussion.

■ In determining the proper financial distributions in a dissolution of marriage, each case rests on its own facts and must be viewed independently because a distribution that is just and proper in one case might not be equitable under another set of circumstances. *Johnson v. Johnson*, 245 Or 10, 15, 419 P2d 28 (1966). Also, the financial portions of a dissolution judgment must be considered together as a package to determine if they are equitable. *Grove and Grove*, 280 Or 341, 344, 571 P2d 477, *modified on den of reh'g*, 280 Or 769, 572 P2d 1320 (1977). Thus, when determining the distribution of property, a court must also consider the obligations of the parties for child support and spousal support. *Seefeld and Seefeld*, 294 Or 345, 351, 657 P2d 201 (1982). In this case, the distribution of property must be viewed in light of the fact that wife has to provide for her own support, is responsible for supporting the parties' three children with no assistance from husband, and is required to pay $300 monthly spousal support to husband.

■ In determining what division of property is just and equitable, courts may consider special circumstances that dictate an unequal distribution. *Stice and Stice*, 308 Or 316, 328, 779 P2d 1020 (1989). One of the purposes that should be fulfilled by the property distribution is to ensure that the children are adequately cared for. *Seefeld*, 294 Or at 351. Thus, where the earnings of the parties are not sufficient to meet the needs of the children as well as both parties, it is necessary to determine the financial distribution that will most effectively provide for the children. *Id.* at 352; *Haines and Haines*, 102 Or App 221, 793 P2d 347 (1990) (where husband was unable to pay child support for several years due to incarceration, it was equitable to award all the parties' property to wife in order to provide for children); *see also Triperinas and Triperinas*, 185 Or App 283, 59 P3d 586 (2002) (in light of fact that wife was responsible for the care of the parties' three children including their disabled son, unequal property distribution was justified).

■ In this case, wife is charged with the financial responsibility for herself and for the children during their minority. Husband makes no contribution to the support of the children and is unable even to support himself. He is also

unlikely to contribute to the children's expenses in the foreseeable future. In addition, wife must contribute to husband's living expenses. The trial court's award has an additional consequence; it disrupts the family by requiring the marital residence to be sold or refinanced. Wife has no apparent ability to satisfy the equalizing judgment in the absence of refinancing or selling the residence. Moreover, the sale of the family residence would require wife to find suitable substitute housing for herself and the children at potentially a greater cost. Providing adequately for the children should be the foremost concern in a dissolution case.

We conclude that, under the circumstances of this case, an unequal distribution of the parties' property is justified and that awarding wife the "long half" of the marital property is significantly preferable to the distribution made by the trial court. *See Michaels and Michaels*, 158 Or App 58, 63, 970 P2d 692 (1999) (long half of marital property may be awarded to spouse requiring more assets); *Leslie and Leslie*, 130 Or App 327, 881 P2d 159 (1994) (court will not modify property division unless it is convinced it can make a disposition significantly preferable to that of the trial court). The most equitable way to divide the parties' property under the circumstances is to permit wife to retain the marital residence without being required to refinance or sell the property. That will leave the full amount of the equity in the house available to wife to provide housing for herself and for the children. Further, husband will continue to receive the $22,000 in cash from the Freeman Welwood account and his monthly support amount from wife to help in his maintenance under our division of the marital assets.

Judgment modified to delete equalizing judgment; affirmed as modified.