Argued and submitted September 7, 2021, reversed and remanded April 6, 2022

In the Matter of the Marriage of

Daniel Edwin PARDOVICH,
*Petitioner-Appellant,*
*and*

Tammy Lynn PARDOVICH,
*Respondent-Respondent.*

Lane County Circuit Court
19DR05292; A172672

509 P3d 148

Debra E. Velure, Judge.

Erin E. Gould argued the cause for appellant. Also on the briefs was Erin E. Gould, LLC.

George W. Kelly argued the cause and filed the brief for respondent.

Before Tookey, Presiding Judge, and Aoyagi, Judge, and Armstrong, Senior Judge.

PER CURIAM

Reversed and remanded.

**PER CURIAM**

Husband appeals a general judgment of marital dissolution, challenging the property division. As relevant here, the trial court awarded two pieces of real property to wife—the "Springfield property" and the "Bend property"—and ordered wife to pay a $14,076.50 equalizing judgment to husband. Husband contends that the court should have awarded the Springfield property to him. Alternatively, he contends that, if both properties remain awarded to wife, the equalizing judgment should be increased to $89,398 to achieve an equitable distribution of the marital estate. For the following reasons, we reverse and remand for further proceedings.

We review the trial court's division of marital property for abuse of discretion. *Code and Code,* 280 Or App 266, 271, 380 P3d 1073 (2016). Unless we exercise our discretion to conduct *de novo* review—which we do not here[1]—we are bound by the trial court's express and implied factual findings if they are supported by any evidence in the record. *Id.* "We will not disturb a trial court's ultimate determination of what property division is just and proper unless the trial court misapplied the statutory and equitable considerations required by ORS 107.105(1)(f); determining what is just and proper in all the circumstances is a matter of discretion." *Van Winkel and Van Winkel*, 289 Or App 805, 810, 412 P3d 243, *rev den*, 363 Or 244 (2018). "Absent an error in methodology or an outcome outside of the legally permissible range, we will affirm a trial court's determination as to what property division is just and proper." *Id.*

The parties were married from July 2015 to March 2019. They do not have children together. Both parties worked before and during the marriage, and they mostly maintained separate finances during the marriage. We limit our discussion to the real property, as it is the focus of the appeal.

Wife brought the Springfield property with her to the relationship. She had purchased the property in 2003

---

[1] We have authority to conduct *de novo* review in equitable proceedings, ORS 19.415(3)(b), but it is discretionary, and we exercise that discretion only in "exceptional cases," ORAP 5.40(8)(c).

with her previous husband (since deceased). In 2013, the parties began cohabiting there, and husband was added to the deed. The parties continued living at the Springfield property once married. Husband argued at dissolution that the Springfield property was a marital asset, that wife had had little or no equity in it in 2013, and that the parties had contributed equally to the equity built after 2013. Husband requested that the Springfield property be awarded to him. For her part, wife disagreed that the parties had contributed equally to the post-2013 equity increase, asserting that she had paid all or most mortgage payments until their separation and had paid most or all of the post-2013 remodeling costs. Wife initially requested that the Springfield property be awarded to her, but, in her closing argument at trial, she asked that it be awarded to husband, with a $90,000 equalizing judgment to her.

As for the Bend property, the parties refinanced the Springfield property in 2018. In October 2018, wife used $104,796 from that refinance to put a down payment on the Bend property, to purchase furniture for the Bend property, and to pay off $30,000 of premarital debt. There was conflicting testimony as to the status of the relationship at that point, but the trial court found that October 2018 was when "the marriage became separate."

Ultimately, the trial court awarded both real properties to wife, with a $14,076.50 equalizing judgment to husband. As to the Springfield property, the court treated the $117,000 appreciation in value since 2013 as marital property, while it treated the property's appraised value and debt in 2013 as wife's separate asset. As to the Bend property, the court deemed it to be wife's "separate property as the parties were separating at the time of purchase and it was never intended to be a marital asset." The court did not explain how it had calculated the equalizing judgment, except to say that it considered the "separate property with an equal division on both sides."

*First assignment of error.* Husband contends that the trial court abused its discretion by awarding both real properties to wife. We disagree. Although it was not the only permissible outcome on this record, it was within the legally

permissible range. *Van Winkel*, 289 Or App at 810. We therefore reject the first assignment of error.

 *Second assignment of error.* Husband argues that the trial court erred by unequally dividing the $117,000 of post-2013 appreciation in the Springfield property, without making factual findings sufficient to overcome the presumption of equal contribution. *See* ORS 107.105(1)(f)(C) (creating a "rebuttable presumption that both parties have contributed equally to the acquisition of property during the marriage"). We disagree that the court's findings were insufficient to overcome the presumption of equal contribution. The court found that husband had made some contribution to the post-2013 appreciation in value, particularly through "sweat equity," but it implicitly found that wife had contributed more to that appreciation. That implicit finding was supported by wife's testimony and other evidence regarding the parties' post-2013 contributions to the Springfield property, and it was sufficient to overcome the presumption and allow an unequal division of the $117,000.[2] We therefore reject the second assignment of error.

 *Third and fourth assignments of error.* Husband argues that the trial court erred by excluding the Bend property from the marital estate—*i.e.*, by treating it as wife's "separate property"—when it was acquired during the marriage with marital funds. Alternatively, husband argues that, in calculating the equalizing judgment, the court failed to account for wife's use of marital funds to purchase the Bend property. In response, wife concedes that the Bend property is a marital asset. She contends that no error occurred, however, because, when the court identified the Bend property as wife's "separate property" and not a "marital asset," what it meant was that the Bend property is a marital asset but that it was purchased exclusively with money from *wife's* share of the equity in the Springfield property (thus rebutting the presumption of equal contribution).

---

[2] We cannot tell from the record how the trial court actually divided the $117,000, percentage wise, but both parties appear to agree that it was divided unequally. Husband asserts that the court awarded the entire $117,000 to wife, despite having carved out that amount as a marital asset, but we disagree on that point. The trial court did make an ambiguous statement about awarding "it" to wife, but, in context, we understand "it" to mean the Springfield property, not the $117,000.

The court's description of the Bend property as "separate property" and not a "marital asset" appears in its formal written judgment. We are unpersuaded that the court actually meant that the property is a marital asset, when it said the opposite. We presume that the court treated the property as stated in the judgment.

Wife appropriately concedes that the Bend property is a marital asset. We therefore reverse and remand for the trial court to reconsider its award, treating the Bend property as a marital asset. As for the equalizing judgment, husband contends that the trial court failed to account for everything that it should have in arriving at the amount of $14,076.50. On remand, the trial court will need to recalculate the equalizing judgment, taking into account the correct treatment of the Bend property, and the parties may request findings or clarification in that context.[3]

Reversed and remanded.

---

[3] We note that, on the existing record, we would be unable to provide meaningful appellate review of the equalizing judgment, because, despite scrutinizing the record and the arguments made below, we are unable to discern how the equalizing judgment was calculated. *See Muthukan and Easterbrook*, 306 Or App 579, 581, 475 P3d 459 (2020) (reversing and remanding, where it was "not possible to determine" how the court reached its decision on property division and therefore not possible to "review whether the trial court's judgment is within its range of discretion"); *Kotler and Winnett*, 282 Or App 584, 599, 385 P3d 1200 (2016) (similar); *Fine and Fine*, 272 Or App 307, 320, 355 P3d 198 (2015) (similar); *Olson and Olson*, 218 Or App 1, 15, 178 P3d 272 (2008) ("When a trial court makes a discretionary decision, the record must reflect a proper exercise of that discretion. Although the court's explanation need not be lengthy or complex, it must comport with the applicable legal framework and describe the basic reasons for the decision." (Internal citation omitted.)). *But see also Botofan-Miller and Miller*, 365 Or 504, 525, 446 P3d 1280 (2019), *cert den*, ___ US ___, 141 S Ct 134 (2020) ("If defendant believed that further explanation than the trial court provided was necessary for meaningful appellate review, it was incumbent on him to request it.").