Argued and submitted October 5, 2021, affirmed April 6, 2022

In the Matter of the Marriage of

Austin Wayne COATES,
*Petitioner-Appellant,*
*and*

Yvonne M. COATES,
*Respondent-Respondent.*

Union County Circuit Court
18DR23460; A172767

508 P3d 59

Husband appeals the trial court's general judgment of dissolution of marriage, challenging the trial court's distribution of marital property, award of spousal support to wife backed by a life insurance policy, and award of attorney fees to wife. *Held*: The trial court did not abuse its discretion in its property division or award of spousal support, including requiring husband to maintain life insurance. The trial court also did not abuse its discretion in ordering an award of attorney fees to wife.

Affirmed.

Wes Williams, Judge.

David R. Auxier argued the cause and filed the reply brief for appellant. Sean M. Jorgensen filed the opening brief. Also on the briefs was Intermountain Law, PC.

James A. Schaeffer argued the cause for respondent. Also on the brief was James A. Schaeffer, Attorney LLC.

Before Egan, Presiding Judge, and Hellman, Judge, and DeVore, Senior Judge.*

HELLMAN, J.

Affirmed.

_____

* Hellman, J., *vice* DeHoog, J. pro tempore.

**HELLMAN, J.**

Husband appeals the trial court's general judgment of dissolution of marriage, challenging the trial court's distribution of marital property, award of spousal support to wife backed by a life insurance policy, and award of attorney fees to wife. We conclude that the trial court did not abuse its discretion in making any of those determinations. Accordingly, we affirm the dissolution judgment.

Husband requests that we exercise our discretion to review equitable proceedings *de novo*, as we have the authority to under ORS 19.415(3)(b). However, because this is not an exceptional case, we decline to exercise that discretion. ORAP 5.40(8)(c). Because we decline husband's request, "we are bound by the trial court's express and implicit factual findings if they are supported by any evidence in the record." *Morgan and Morgan*, 269 Or App 156, 161, 344 P3d 81, *rev den*, 357 Or 595 (2015). If the trial court did not make express findings, we assume "that the trial court found the facts in a manner consistent with its ultimate conclusion." *Kotler and Winnett*, 282 Or App 584, 597, 385 P3d 1200 (2016).

Because a fuller explanation of this case would not assist the parties, bench, or bar, we limit our discussion of the facts to those needed in our discussion below.

In the absence of a *de novo* review, we will not disturb a trial court's ultimate determination of what property division is just and proper or what spousal maintenance support award is just and equitable unless the trial court misapplied the statutory and equitable considerations required by ORS 107.105. *Van Winkel and Van Winkel*, 289 Or App 805, 810, 412 P3d 243, *rev den*, 363 Or 224 (2018); *Mitchell and Mitchell*, 271 Or App 800, 811, 353 P3d 28 (2015). The trial court's ultimate determination as to what property division is just and proper in all the circumstances is a matter of discretion. *Kunze and Kunze*, 337 Or 122, 136, 92 P3d 100 (2004). The trial court's ultimate determination as to what spousal support award is just and equitable is also a matter of discretion. *Berg and Berg*, 250 Or App 1, 2, 279 P3d 286 (2012). Our review of those decisions is for abuse of that discretion. *Mitchell*, 271 Or App at 811. Our review of

the trial court's decision to award wife attorney fees is also for an abuse of discretion. *Olson and Olson*, 308 Or App 633, 634, 480 P3d 965 (2021).

In his first assignment of error, husband argues that the trial court erred in determining that the North Powder property, a home he inherited during the parties' marriage, was a marital asset subject to equitable division. We conclude that the trial court did not abuse its discretion in including the North Powder property in its property division for two reasons.

First, husband is correct that property acquired by one spouse through inheritance may not be subject to a presumption of equal contribution if the court finds that the property has been separately held by that party on a continuing basis from the time of receipt. ORS 107.105 (1)(f)(D). Husband, however, bore the burden of persuasion as to whether he had actually separately held that property on a continuing basis. *Schwindt and Schwindt*, 290 Or App 357, 366, 414 P3d 859, *rev den*, 363 Or 119 (2018); OEC 305. After reviewing the record, we conclude that the evidence presented at trial did not compel the trial court to accept husband's characterization of the property; in particular, we note wife's testimony about the parties' joint use of the property and the intertwined nature of the family finances that were used to maintain and improve the property.

Second, even if husband is correct that the North Powder property was not a marital asset, the trial court still retained the discretion to divide the property equally based on a consideration of what is just and proper under all the circumstances. *Id.* at 368-69. In view of all the circumstances of the parties presented at trial, we cannot say that the trial court's inclusion of the property in the division of assets was outside the range of legally permissible outcomes. *See Kunze*, 337 Or at 135 (explaining that the "just and proper" inquiry takes into account various social and financial objectives of dissolution in determining whether the division is equitable).

In his second assignment of error, husband argues that the trial court erred in two additional ways: first, by failing to award husband an equalizing judgment, and

second, by also requiring husband to maintain life insurance for wife's benefit. Upon review of the record, however, we conclude that the trial court acted within its discretion in both of those respects.

First, an equalizing judgment is considered to be a part of the property division. In "determining what division of property is just and equitable, courts may consider special circumstances that dictate an unequal distribution." *Parker and Parker*, 187 Or App 565, 570, 69 P3d 811 (2003). Under the totality of circumstances presented in this case, we conclude that the trial court's unequal division of the parties' property and failure to award an equalizing judgment to husband was justified and fell within the range that is just and equitable.

Second, as to the requirement for insurance, there is evidence in the record to support the trial court's finding that wife was entitled to spousal support backed by a life insurance policy, as permitted, and encouraged, by ORS 107.810 to 107.820. The trial court properly relied upon wife's loss of health insurance upon divorce and her diminished earning capacity as compared with husband, among other facts.

In his third assignment of error, husband contends that the trial court erred in awarding wife attorney fees. We disagree. To be sure, in its ruling on the attorney fee issue in the first judgment, the trial court relied in part upon the first judgment's inclusion of an equalizing award that it had not intended to order. But that was not the only reason the trial court gave for an award of attorney fees to wife. It also relied upon the facts that wife would lose her health insurance upon divorce, that she had far less earning power than husband, and that, post-divorce, her standard of living would be significantly reduced from what she had previously experienced. In addition, the trial court held a hearing on wife's objection to the equalizing award in the first judgment and kept the attorney fees award in place even after removing the equalizing award. Moreover, it is clear that the trial court sought to ensure that the parties left the marriage on as equal a financial footing as possible, and that it viewed the attorney fees to wife as furthering

that goal, which is a legally permissible one. *Haguewood and Haguewood*, 292 Or 197, 212-13, 638 P2d 1135 (1981). The trial court did not abuse its discretion in making the award.

In summary, the trial court did not abuse its discretion in its property division or award of spousal support, including requiring husband to maintain life insurance. The trial court also did not abuse its discretion in ordering an award of attorney fees to wife. We therefore affirm the trial court's judgment.

Affirmed.