500 August 28, 2024 No. 589

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

In the Matter of the Marriage of

Melanie R. BREIDENTHAL,
*Petitioner-Respondent,*
*and*

Douglas P. BREIDENTHAL,
*Respondent-Appellant.*

Jackson County Circuit Court
18DR18406; A177974

Charles G. Kochlacs, Judge.

Argued and submitted May 23, 2024.

Amy D. Fassler argued the cause for appellant. Also on the briefs was Schulte, Anderson, Downes, Aronson & Bittner, P.C.

Jamie L. Hazlett argued the cause and filed the brief for respondent.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

EGAN, J.

General judgment reversed and remanded for reconsideration of equalizing award and otherwise affirmed; supplemental judgment affirmed.

**EGAN, J.**

Husband appeals from general and supplemental judgments dissolving the parties' 28-year marriage, assigning error to the property division, specifically to the trial court's award to wife of property in lieu of spousal support and the award to wife of an equalizing judgment. He contends, further, that the trial court lacked authority, after the filing of husband's notice of appeal, to enter a supplemental judgment allocating his Public Employees' Retirement System (PERS) retirement account. We conclude that the trial court did not err in entering the supplemental judgment implementing an order allocating husband's PERS account. However, we conclude that, because of a lack of explanation by the trial court, it is not possible to for us to review the trial court's equalizing award to wife. We therefore reverse and remand the general judgment for reconsideration of the equalizing award and otherwise affirm.

The parties were married in August 1993, and wife filed a petition for dissolution in August 2018, at which time the parties separated. At the time of trial in August 2021, husband was 51 years of age and wife was 48; they had two minor children.

During the marriage, husband worked as a firefighter and in construction. Husband left firefighting to serve a term as a Jackson County commissioner. Most recently, in 2017, husband owned a marijuana dispensary business, which was the primary source of husband's income. Wife works as a dental hygienist and has done so for most of the marriage.

The parties had marital assets, including husband's marijuana dispensary, which the court valued at $300,000, several investment accounts, several vehicles, and a gun collection. Husband also held title to a partial interest in a Gold Beach condominium, acquired after the parties' separation, and an airplane that was under repairs. Husband disputed his ownership interests in those two assets as well as their values. The largest marital asset was husband's PERS retirement account, valued at the time of the judgment at $1,175,000.

After the filing of the dissolution petition, wife sought interim support. Husband presented evidence to the court that his monthly income from the business was $4,000. The trial court was skeptical that husband's monthly income was only $4,000 and, based on evidence of husband's expenditures, estimated husband's actual monthly income from the business to be $10,000. The court determined that wife's monthly income as a dental hygienist was $4,576. The court awarded wife temporary monthly spousal support of $2,400, retroactive to September 2019. The court ordered both parties to pay child support, with wife's child support obligation to be offset against husband's spousal support obligation, for a net temporary spousal support payment to wife of $1,925.

Husband did not make regular payments of either temporary spousal support or child support, and wife was not able to garnish those funds. Pretrial, husband made two payments—one payment of $750 for child support, and a spousal support payment of $15,000, to cover arrearages and in exchange for wife's agreement to postpone trial. Husband had also failed to pay wife an attorney fee of $1,464, which the court had assessed for a discovery violation.

At trial, wife requested monthly spousal support of $2,400, and also requested the entirety of husband's PERS account, to ensure her support in retirement. In light of husband's failure to pay the ordered temporary support and wife's inability to garnish funds from husband's accounts, wife requested that she be awarded property in addition to or in lieu of spousal support. Wife also sought an equalizing judgment of $776,153.

Husband requested an equal division of the marital property. He proposed that wife receive half of husband's PERS account and half of all other investment accounts and properties. He requested that neither party pay spousal support, asserting that the parties' incomes were relatively equal.

After trial, in a letter opinion, the court determined that the parties' assets were all marital. The parties agree that the trial court determined that the presumption of equal contribution applies. *See* ORS 107.105(1)(f)(C) (describing presumption).

On spousal support, the trial court said that it would not have been inclined to award wife as much spousal support as had been awarded as temporary support but agreed with wife that, in light of husband's previous failure to pay support, assets should be awarded in lieu of spousal support. The court adhered to its estimate that husband's monthly income was $10,000. The court estimated husband's support arrearage to be $50,000 and awarded wife two investments accounts (the Thrivent Roth IRA and Thrivent xx2623 IRA) "in lieu of payment of spousal and child support and attorney fee arrearages." The court also awarded wife an additional investment account, valued at $62,746 (the Thrivent xx7522 Account), "to equalize property award and in lieu of spousal support," as well as 75 percent of husband's PERS account, "in lieu of support and to equalize the property division."

The court was skeptical of many of husband's assertions. Husband had asserted that the marijuana business had zero value. The court valued the business at $300,000 and awarded it to husband. The court was skeptical of husband's claim that he did not own the airplane, to which he held title, awarded the plane to husband, and valued it at $100,000. The court determined that husband had equity of $35,000 in the Gold Beach condo and awarded it to husband. The court awarded husband some of the investment accounts, most of the vehicles, a part of the gun collection, and 25 percent of husband's PERS retirement account.

By husband's calculation, the court's letter opinion awarded wife marital assets valued at $943,996, with an unspecified portion attributable to spousal support, and awarded husband marital assets valued at $741,225. The court assigned to each party their own credit card debt, as well as the debts associated with their respective assets.

The general judgment, prepared by wife's counsel, differed in some ways from the letter opinion. The judgment refers twice to the division of the PERS account, first stating, in the section relating to the division of retirement accounts, that wife "is awarded 75% of this account in lieu of an award of maintenance spousal support," and later stating, in the section relating to spousal support:

"There will be no monthly award of spousal support. Wife is awarded a large portion of the PERS account, an additional 25%, in lieu of a monthly award of maintenance support."

As we understand the judgment as bearing on the PERS retirement account, the entire award to wife was not in lieu of support; rather, the judgment awarded to wife 50 percent of husband's PERS retirement account, or $587,500, as property division, and 25 percent of husband's PERS retirement account, or $293,750, to wife in lieu of support.

The court's letter opinion had not included an equalizing judgment for wife. But the general judgment included an equalizing judgment of $261,905.89.[1]

After the filing of the notice of appeal, the court entered a limited judgment that included a qualified domestic relations order (QDRO), ORS 238.465, directing the division of husband's PERS account pursuant to the terms of the general judgment.

Husband's first assignment of error focuses on the court's award to wife of $261,905.89, as an equalizing judgment:

"The trial court erred by dividing the parties' property in a manner that was not 'just and proper in all the circumstances' as required by ORS 107.105(1)(f) by requiring husband to pay wife an 'equalizing award' of $261,905.89."

Husband contends that the court did not provide an adequate explanation for the equalizing judgment and why it concluded that the property division is just and proper.[2]

---

[1] The judgment stated, simply:

"Equalization: Wife shall be awarded an equalization award of $261,905.89. See attached, 'Exhibit 5', based upon the division of assets in this matter."

[2] In the first assignment, husband also describes what he characterizes as inconsistencies between the trial court's judgment and the attached exhibits describing the court's division of the marital assets. Wife responds that husband's arguments concerning inconsistencies between the trial court's written order and the judgment are not preserved.

We agree with wife that husband did not preserve his arguments under the first assignment as to the form of the general judgment or his complaint that the general judgment was inconsistent with the trial court's ruling in its letter opinion. However, we conclude that arguments relating specifically to the equalizing judgment were preserved by husband's arguments for an equal division of the parties' assets.

For his second assignment, husband states:

"The trial court erred by awarding wife property as a substitute for spousal support because it was not equitable to make the award and the trial court failed to articulate any valid equitable basis for the award."

Husband contends under that assignment that the trial court erred in awarding wife property in lieu of spousal support, including by way of the equalizing judgment, a 75 percent share of husband's PERS account, and a Thrivent investment account of $65,000.

For his third assignment, husband states:

"The trial court erred by signing and entering the Supplemental Judgment to divide husband's PERS benefits when it lacked subject matter jurisdiction to do so."

Husband contends that, after his notice of appeal had been filed, the trial court lacked authority to enter a supplemental judgment making an allocation of his PERS account, and therefore erred in entering the judgment.

We consider the assignments in reverse order, first addressing husband's contention that the court lacked authority to enter the supplemental judgment relating to the division of husband's PERS account. We conclude that the court had authority to enter the supplemental judgment. Under ORS 19.270(1)(b),[3] the trial court retained authority pending appeal to enforce the terms of the judgment. The supplemental judgment implementing the term of the general judgment that required a division of husband's PERS through a QRDO was simply enforcing the provisions of the general judgment dividing husband's PERS account, and we conclude that it was within the court's authority under ORS 19.270(1)(b).

───────────

[3] ORS 19.270 provides, in part:

"(1) The Supreme Court or the Court of Appeals has jurisdiction of the cause when the notice of appeal has been served and filed as provided in ORS 19.240, 19.250 and 19.255. The trial court may exercise those powers in connection with the appeal as are conferred by law, and retains jurisdiction in the matter for the following purposes:

"(a) Deciding requests for attorney fees, costs and disbursements or expenses pursuant to ORCP 68 or other provision of law.

"(b) Enforcing the judgment, subject to any stay of the judgment."

In his second assignment, husband contends that the trial court abused its discretion in awarding wife property in lieu of spousal support. As husband correctly observes, we review for an abuse of discretion whether a trial court's property division is "just and proper in all the circumstances." ORS 107.105(1)(f); *see Kunze and Kunze*, 337 Or 122, 136, 92 P3d 100 (2004) ("The trial court's ultimate determination as to what property division is 'just and proper in all the circumstances' is a matter of discretion," and will not be disturbed unless the court concludes "that the trial court misapplied the statutory and equitable considerations that ORS 107.105(1)(f) requires."). As we said in *Olson and Olson*, 218 Or App 1, 15, 178 P3d 272 (2008), when a trial court makes a discretionary decision, the record must reflect a proper exercise of that discretion. Although the trial court's explanation of its property division "need not be lengthy or complex, it must comport with the applicable legal framework and describe the basic reasons for the decision." *Id.*

Here, to support its award of property in lieu of spousal support, the trial court explained:

> "An award will be made in lieu of support, based on Husband's refusal to pay Temporary support. *** The disparity of income between the parties and length of marriage *** makes an award of property in lieu of support appropriate."

As we said in *Prescott and Prescott*, 107 Or App 14, 17, 810 P2d 861 (1991), "there is sufficient flexibility in setting spousal support under [ORS 107.105(1)(d)] to allow an award of property in lieu of support[.]" We conclude that the trial court did not abuse its discretion in awarding wife property in lieu of spousal support.

In his first assignment of error, husband contends that the trial court erred in including in the judgment an "equalizing award" for wife in addition to the court's award to wife of the "long half" of the marital assets. As noted, the judgment stated that the equalizing judgment was made "based upon the division of assets in this matter."

Generally, an equalizing judgment is made to equalize a property division between the parties, *Coates and*

*Coates*, 318 Or App 772, 775, 508 P3d 59 (2022), and may be appropriate in establishing a division that is just and equitable. *See Coats and Coats*, 64 Or App 594, 597, 669 P2d 370 (1983) (an equalizing judgment is "one-half of the difference in value between the assets awarded to [one spouse] and those awarded to [the other spouse].""). Although the general purpose of a property division in a dissolution proceeding is to put the parties on a relatively equal footing, in "determining what division of property is just and equitable, courts may consider special circumstances that dictate an unequal distribution." *Parker and Parker*, 187 Or App 565, 570, 69 P3d 811 (2003).

Here, the equalizing award to wife appears to have resulted in a significantly unequal division of assets. Wife argues, and the record allows the inference, that the court did not consider the assets that it had awarded to wife in lieu of spousal support (an additional 25 percent of husband's PERS account, the Thrivent Roth IRA and Thrivent xx2623 IRA accounts, and the Thrivent xx7522 Account) to count toward wife's share of the marital property. *See Moore and Moore*, 112 Or App 503, 505-06, 829 P2d 704 (1992) (It is permissible to award one spouse more of the marital assets in lieu of spousal support when it is the best way to provide support.). Thus, the court could logically have omitted those amounts from its calculation of wife's share of the marital assets. But even assuming that that was the court's rationale, how the trial court determined the amount of the equalizing judgment is not readily apparent. For example, the court awarded to wife the Thrivent xx7522 Account both "to equalize property award and in lieu of spousal support," but it is not apparent which portion of that account the court determined to be property award and which portion was in lieu of spousal support. In short, it is simply not possible to tell what the trial court's reasoning was for the equalizing judgment, and we decline to speculate. Thus, we are unable to review whether the property division was within the court's range of discretion. *See Pardovich and Pardovich*, 318 Or App 857, 861 n 3, 509 P3d 148 (2022) (the appellate court's ability to provide meaningful review is impaired by an inability to discern how the equalizing judgment was calculated). We therefore remand the judgment to the trial

court for reconsideration of the equalizing award. *Jaimez v. Rosales*, 323 Or App 741, 744, 525 P3d 92 (2023) ("When meaningful appellate review is not possible due to inadequate findings, our practice has been to remand regardless of whether the party specifically requested findings.").

General judgment reversed and remanded for reconsideration of equalizing award and otherwise affirmed; supplemental judgment affirmed.